### LAIR and Another *v.* ABRAMS.

It is a rule in pleading, that matters of fact and law must not be so blended that they cannot be separated.

In an action for an assault and battery, matters in justification cannot be given in evidence under the general issue.

A magistrate who issues a warrant without a sufficient affidavit, is liable to the person arrested under it in an action of trespass. But the person who makes application for the warrant, and who has not been personally concerned in the arrest, can only be sued in an action on the case.

It is no objection to a special plea, on general demurrer, that it amounts to the general issue.

If the general issue and a special plea amounting to the general issue be filed, the latter will be rejected on the plaintiff's motion.

LAIR
v.
ABRAMS.

Thursday,
November 21.

APPEAL from the *Fayette* Circuit Court.

.DEWEY, J.—*Abrams* sued *Lair* and *Leviston* for assault and battery, and false imprisonment for the space of three days. The defendants pleaded, separately, the general issue.

*Lair* also pleaded not guilty as to every thing alleged in the declaration except the assaulting, beating, and imprisonment for the space of three hours parcel of the three days charged in the declaration; and as to the assaulting, beating, and imprisonment excepted, he alleged that before the time when the trespasses were supposed to have been committed, he had been threatened by *Abrams*, and had cause to fear, and did fear, that he would do him some bodily injury by killing, beating, or imprisoning him; that he made complaint thereof on oath before *Leviston*, a justice of the peace, and prayed of him surety of the peace against *Abrams*, stating also before the justice that the complaint was not made through malice or for vexation; that the justice made out his warrant under his hand and seal directed to the proper officer requiring him, because of the complaint aforesaid, forthwith to arrest said *Abrams* and have him before said justice, or some other justice, to find surety for his appearance at the next Circuit Court, and in the mean time to keep the peace generally, and especially towards *Lair;* that the justice put the warrant into the hands of a constable who arrested *Abrams* in virtue thereof, and took him by his own consent before *Leviston;* that *Abrams* was detained before the justice until the charge against him could be investigated; that at his request it was investigated by the oath of *Lair*, and by the testimony of other witnesses on behalf of both parties, for which purpose *Abrams* was detained three hours; that during the examination *Lair* fully established the truth of his complaint, by showing the threats and menaces of *Abrams;* and that upon the examination *Lair* made oath that he had just cause to fear, and did fear, as he had alleged in his complaint, and that he did not pray surety of the peace against *Abrams* from malicious or vexatious motives; that the justice, after considering the matter submitted to him, ordered *Abrams* to recognize with surety to appear at the next Circuit Court to answer touching the matters alleged against him; that he did enter into a recognizance and was

discharged, having been detained three hours, parcel, &c., which was the residue of the trespasses, &c.

*Abrams* replied that, after the arrest by virtue of the complaint and warrant in the plea mentioned, *Lair* with the consent of the justice discharged *Abrams* from further imprisonment, before any examination of the supposed causes of complaint, on the ground that the complaint was insufficient, "without this that any warrant whatever was duly issued and any affidavit good and sufficient was made as stated" in the plea.

General demurrer to the replication. The Court held the replication to be sufficient and overruled the demurrer.

The cause was submitted to the Court for trial under the general issues, and judgment for the plaintiff.

In sustaining the replication we think the Circuit Court committed an error. It is a rule in pleading, that matters of fact and of law must not be so blended that they cannot be separated. Gould's Pl. 357, 390, 391. The replication before us is liable to this objection. After admitting the existence of the complaint and warrant mentioned in the plea, it alleges a matter of fact, namely, that *Abrams* was discharged from the imprisonment which he had suffered under them, previous to an examination of the merits of the complaint, and then denies the legality of both; for to say, that no warrant *duly* issued, and no *good* and *sufficient* affidavit was made, is nothing more than saying that those admitted to exist were not legal. This was not issuable matter proper to be referred to a jury, and rendered the replication faulty upon general demurrer. Besides, the only matter of fact alleged in the replication was perfectly immaterial under the view we take of the plea.

It has been objected by the defendant in error, that the plea does not show that the necessary steps were taken by *Lair* before the justice, to authorize the latter to issue the warrant on which *Abrams* was arrested.

It is not necessary to examine this point in the present case, because the general issue pleaded by the justice excludes all matters of justification from his defence, and the special plea of *Lair*, admitting the objection to be valid, contains enough to bar the action in its present form as

Nov. Term, 1839.

LAIR
v.
ABRAMS.

Nov. Term, 1839.

LAIR
v.
ABRAMS.

against him. It shows that the injuries complained of in the declaration consisted in the arrest and detention of *Abrams* by an officer, under the warrant of a magistrate having jurisdiction of the subject-matter for which it issued. That a magistrate, who issues a warrant without a sufficient affidavit, is liable to the person arrested under it, in trespass, there is no doubt. But we conceive the law to be different with regard to the person who makes application for the warrant, and who has not been personally concerned in the arrest; with regard to the form of his liability, when liable at all, though the decided cases are not uniform, the weight of authority shows that *case*, and not *trespass*, is the proper remedy. *Morgan* v. *Hughes*, 2 T. R. 225.— 3 id. 183.— *Elsee* v. *Smith*, 1 D. & R. 97.—1 Chitt. Pl. 152.—1 Chitt. Pr. 620, 630.—*Shaver* v. *White*, 6 Munf. 110. In this point of view the plea in question amounts to the general issue. It alleges matter which, if true, shows that *Lair* was not guilty of a trespass, but which, combined with malice and want of probable cause for his proceedings, might render him liable *to* an action in another form. A special demurrer would have prevailed; or perhaps the better way of objecting to the plea would have been, as a formal general issue was in, to move to reject it; under a general demurrer it constitutes a good defence to this action against *Lair*.

There is another special plea in the case similar to that which we have been considering. A special demurrer to it was properly sustained.

The declaration shows a mistake as to time, and the first special plea contains an immaterial traverse in consequence of it, both of which we consider as surplusage, and not reached by a general demurrer.

*Per Curiam.*—The judgment is reversed, and the replication to the second plea of *Lair* and the proceedings thereon, as well as all the proceedings under the general issues subsequent thereto, are set aside, with costs. Cause remanded, &c.

*C. B. Smith* and *S. W. Parker*, for the appellants.
*C. H. Test* and *J. Perry*, for the appellee.