SullivaN, J.
Tuell brought an action of trespass for an assault and battery and false imprisonment against Wrink, Doiming, and Fislar. The defendants severed in pleading, each putting in a plea of not guilty, and a special plea of justification. The special plea of Wrink was as follows, viz.: *That on, &c., he was the owner of a certain red heifer, and that he had good and probable cause to suspect and believe, and did suspect and believe, that said heifer, within fifty days, &e., had been feloniously stolen, &c., from the premises of said Wrink, at, &c., and that said heifer was then concealed in and about the premises of the plaintiff at, *266 &c., whereupon he appeared before the defendant Downing, a justice of the peace, &c., and made an affidavit in due form of law, setting forth that, within fifty days previous thereto, a certain red heifer of the value, &c., by some person unknown had been feloniously stolen, taken, and carried away from the premises of said affiant, and that he verily believed said heifer was concealed in and about the premises of B. P. Tuell, at, &c., whereupon the said Downing, justice as aforesaid, issued a warrant directed to the defendant Fislar, then being a constable, &c., commanding him to enter upon the premises of said B. P. Tuell and search for said heifer, and, if found, to bring said heifer and the body of said Tuell before him, the said Downing, or some other justice of the peace, to be disposed of and dealt with according to law; that on, &c., the warrant was delivered to the defendant Fislar, constable as aforesaid, who by virtue thereof entered upon the premises of the plaintiff, and, on search being made, found said heifer, which he took into his possession, and also arrested the plaintiff, &o., which is tho same supposed trespass in the declaration mentioned, &c.
The special plea of Downing alleges, that by virtue of the affidavit of Wrinlc, he issued a warrant commanding the constable to search the premises of B. P. Tuell, &c.
Fislar pleaded the facts set forth above, and alleged that, by the authority of the warrant against B. P. Tuell, he arrested the plaintiff, &c.
The plaintiff filed general demurrers to the special pleas, and the demurrers were sustained. The parties then went to trial on the pleas of not guilty, and a verdict was given for the defendants. Motion for a new trial overruled, and judgment on the verdict.
The questions that arise in this ease are as to the sufficiency of the special pleas, and the refusal of the Court to grant a new trial.
*In examining the matter of the pleas, we will first notice the plea of Wrinlc, The statement of that plea is substantially, that his (Wrinh’s) property was stolen as be believed, and that he had reason to suspect, and did suspect *267 and believe, that it was concealed in and upon the premises of an individual whom he designated as B. P. Tuell; that he niade oath to the facts before a justice of the peace, who issued a warrant to search, &c. The facts there stated acquit the defendant, Wrink, of a trespass. His property being stolen, and having reason to suspect that it was concealed in a certain place, he had a right to give to a magistrate information of those facts, and seek the aid of the law in regaining it. If true, and done without malice, no liability attached to him. If, however, he made the charge maliciously and without probable cause, the person whom he designed to harass has his remedy, but not by action of trespass. The remedy must be sought by an action on the case. Elsee v. Smith, 1 Dowl. & Ry., 97. This point was also examined and recognized by this Court in Lair v. Abrams, 5 Blackf., 191.
The plea of Downing also presents a valid defense to the action. It is only necessary to say, in reference to that plea, that it appears from it that the warrant issued by Downing, did not command the constable to arrest the plaintiff.
The two last named pleas .amount, in the view we take of them, to the general issue, and would have been bad on special demurrer.
The demurrer to the plea of Fislar was correctly sustained. He justified the arrest of the plaintiff by virtue of a warrant against B. P. Tuell. It is settled lay*, that in warrants in criminal cases, as well as in indictments, the name of the party must be set out if known; if not known, such a description must be given as will identify the person intended. 2 Hale, 175; Foster’s Cr. Law, 312; 1 Chitt. C. L., 39, 40.
It may be proper here to say, that the foregoing remarks relative to the liability of Wrink and Downing, are not intended to apply to any act of trespass committed by them, or either of them, after the warrant issued. If they assisted in arresting the plaintiff, or advised or directed him to be arrested, or to.be detained after he was arrested, and that *matter were properly put upon the record, they would be liable in this form of action.
J. W. Payne, for the appellant.
W. T. Otto, for the appellees.
The refusal of the Court to grant a new trial is assigned for error. The record contains the testimony in the cause. The arrest of the plaintiff by Fislar, and his detention by the advice and counsel of Downing, were fully proved. There was no rebutting testimony, nor evidence offered in mitigation of damages. It is impossible to conceive on what principle a verdict was found in their favour. With regard to Wrink the testimony was not conclusive, and the jury having found a verdict in his favour, as they had a right to do, we are not disposed to disturb it. The Court erred in refusing to set aside the verdict. The hardship of such a course as it respects Wrink, who was found not guilty, might have been prevented by putting the plaintiff on terms, as was done in the case of Price v. Harris, 10 Bing., 331. The Court should have set aside the verdict and granted a new trial, on the condition that the plaintiff would enter a nolle prosequi as to Wrink, whom he had improperly joined in the suit.
Per Curiam.—The judgment is reversed. Cause remanded, &c.