## GLOVER *v.* HORTON.

If one of two judgment-debtors, who knows the judgment has been paid, procure a *fi. fa.* to issue on the judgment, and assist in its execution on the other's goods, he is liable in trespass to the party injured.

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—Trespass. The declaration contains two counts. The first is for breaking and entering the plaintiff's close; the second, for taking and carrying away his goods. The defendant pleaded the general issue; and two special pleas, one to each count. The plea to the first count states that on, &c., one *Seibert* obtained a judgment against the

plaintiff and the defendant, *Horton*, before a justice of the peace, on which an execution of *fieri facias* was issued, directed to a constable of the proper township, commanding him to levy, &c.; that, by virtue of said execution, the constable, and the defendant as his servant, and by his command, entered upon the premises of the plaintiff to levy as commanded, and by virtue thereof did levy, &c., which is the same trespass, &c. The plea to the second count is, substantially, the same as that to the first. The plaintiff replied, that the execution was issued by the procurement of the defendant; that, at the time it was issued, the judgment set out in the plea was fully paid and satisfied, which the defendant well knew; yet the defendant regardless, &c., wantonly caused said execution to be issued, and, under pretence of a valid execution, committed said trespasses, &c. Special demurrer to the replication, which was sustained by the Court, and judgment for the defendant.

The main point relied on in support of the judgment of the Circuit Court is, that, from the facts stated in the replication, the action should have been case and not trespass, and that the replication is, therefore, a departure from the matter set out in the declaration. This position we think is not tenable. The defendant does not stand in the situation of one who, maliciously and unduly, procures a writ to be issued against the goods or person of another, and afterwards has no personal concern in its execution. If this were all he did, there would be force in the defendant's objection. *Elsee* v. *Smith*, 2 Chitt. R. 304.—*Lair* v. *Abrams*, 5 Blackf. 191.—*Tuell* v. *Wrink et al.*, 6 Blackf. 249. But where a person procures irregular process to issue, and is also personally concerned in its execution, the case is different. The writ being void as to him affords him no protection, and he is a trespasser.

Trespass is the appropriate remedy for an act done under a judgment that has been set aside for irregularity. *Philips* v. *Biron et al.* 1 Str. 509. By analogy, an act done under a judgment that has been satisfied, by a party having knowledge of the fact, would be a trespass. The case of *M'Guinty* v. *Herrick*, 5 Wend. 240, is in point; and the case of *Brown* v. *Feeter*, 7 *id.* 301, in which it was held that an ac-

tion on the case will lie against a party who issues execution on a judgment that is satisfied, does not conflict with this view of the law. It does not appear in that case that the party who issued the writ had any personal concern in its execution. It follows that the replication is not a departure from the allegations in the declaration. It maintains the declaration by showing that the excuse of the defendant for the trespass charged is unavailing.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiff.

*H. Brown*, for the defendant.