Nov. Term, 1846.

CROOKSHANK
v.
KELLOGG.

---

## CROOKSHANK *v.* KELLOGG.

Trespass for an assault and battery and false imprisonment. Plea, that the defendant made oath before a justice of the peace that he had been threatened by the plaintiff, &c., and prayed surety of the peace ; that the justice thereupon issued his warrant, &c.; that the constable, by virtue of the warrant, arrested the plaintiff, &c. *Held*, that the plea amounted to the general issue.

A demurrer to such plea which does not assign as a cause of demurrer that the plea amounts to the general issue, should be overruled.

If in an action of trespass, the facts attempted to be proved do not, in law, amount to a trespass, the Court should, on the defendant's motion, so inform the jury.

Where there is any evidence however slight, tending to prove any fact essential to the maintenance of the suit, the question as to the sufficiency of the evidence to establish that fact is for the jury.

But if there is no evidence at all tending to prove such fact, it is the duty of the Court to instruct the jury that the law is with the defendant, and that they should find for him.'

If a special plea amounting to the general issue be pleaded with the general issue, the plaintiff should move the Court to strike out the special plea.

Wednesday, December 2.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—*Kellogg* brought an action for an assault and battery and false imprisonment against *Crookshank.* The defendant pleaded the general issue, and also the following special plea: That the, defendant, on, &c., made oath before a certain justice of the peace, that he had been threatened by the plaintiff, and that he believed the plaintiff would

do some bodily injury to him or his family, or destroy his property, &c., and prayed surety of the peace; that the justice thereupon issued his warrant, &c., and delivered the same to a constable; that the constable, by virtue of said warrant, arrested the plaintiff, and took him before a certain other justice of the peace; and that such proceedings were thereupon had, that the plaintiff was, by the last-mentioned justice, adjudged guilty of the threats, and, refusing to give bail, &c., was committed, &c.; which were the same trespasses, &c. The affidavit, warrant, and mittimus, were set out in the plea. Special demurrer to the special plea, and the demurrer sustained. The cause was tried on the general issue. Verdict and judgment for the plaintiff.

According to the facts shown by the special plea, the defendant was not a party to the assault and battery and false imprisonment charged in the declaration. He made the affidavit, it is true, and thus caused the warrant to issue, but that alone does not show him to be guilty of the alleged trespass. *Lair* v. *Abrams*, 5 Blackf. 191. The plea is substantially a bar to the action, not, however, because it shows the defendant to be justifiable in what he did, but because it shows that he did not commit the trespass alleged against him. It is bad in form as amounting to the general issue; but it is not objected to on that ground. The demurrer, therefore, should have been overruled.

On the trial under the general issue, the same facts that are alleged in the special plea, were proved by the plaintiff to maintain the suit. It was also proved, that the defendant gave evidence on the inquiry before the justice who committed the plaintiff, but that he gave no directions in the matter. There was proof, also, that the plaintiff was discharged from prison on a writ of *habeas corpus*. There was no other evidence tending to prove the defendant's guilt.

The defendant asked the Court to instruct the jury, that, on this evidence, they should find for him. The instruction was refused. This instruction should have been given. The facts attempted to be proved, did not, in law, amount to a trespass, and the Court should, on the defendant's motion, have so informed the jury. Where there is any evidence, however slight, tending to prove any fact essential to the

VOL. VIII.—33

Nov. Term,
1846.

CROOKSHANK
v.
KELLOGG.

maintaining of the suit, the question as to the sufficiency of
the evidence to establish that fact is for the jury, and not for
the Court. But if there is no evidence at all tending to prove
such fact, it is the duty of the Court to instruct the jury that
the law is with the defendant, and that they should find for
him; and a refusal of the Court to perform that duty is error.

As to the special plea, the plaintiff should have moved the
Court to strike it out, the general issue having been pleaded.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*E. Dumont*, for the defendant.