SMITH v. SMITH, ET AL.

[No. 18,367. Filed November 5, 1953. Rehearing denied January 8, 1954. Transfer denied February 24, 1954.]

344

*Anderson, Hicks & Anderson,* of Gary, for appellant.

*Murray & Schell,* of Gary, for appellee.

ACHOR, P. J.—This is an action for divorce and custody of the minor child of the parties. To this action, appellant filed a cross-complaint in which he asked for a divorce and asserted that he was owner of a one-half interest in the real estate, legal title to which was in appellee.

In substance, the cross-complaint alleged that appellant, appellee and their son, Albert, entered into a lease-contract for the property in question, which agreement provided that after ten monthly payments at $60.00 a month, the parties could enter into a subsequent contract of purchase with payments at $25.00 a month. That following the performance of the first agreement the subsequent agreement was entered into. Appellant alleged that, although he did not sign either of these contracts, appellee had agreed to sign for him as his agent. Appellant's name was stricken from the second contract. After its execution, appellee and the son, Albert, parties to said contracts, assigned their interest in said contract to another son, Eddie, who took deed to said real estate and, in turn, secured a mortgage on the property and made substantial improvements thereon. Eddie later transferred the property by warranty deed to appellee who, at the time of the trial, held legal title thereto.

Findings of fact and conclusions of law were requested and given by the court. Errors on numerous issues were assigned and argued by the appellant as cause for a new trial. (1) Appellant questions the sufficiency of the conclusions of law to support the judgment of the court. He asserts that they are defective both (a) in form and (b) in substance. (2) He contends that the conclusions of law, if any, are not supported by the findings of fact; (3) that certain of the findings of facts are not supported by the evidence; (4) that, because of the failure of the court to specially find

certain facts in evidence related to necessary issues in the case, the judgment is contrary to law and, (5) finally, that the refusal of the court to require appellee to produce receipts of payments was prejudicial and constituted reversible error.

By the judgment appellee was granted a divorce, the care and custody of Ola Mae, aged 13. Appellee was awarded the household goods and it was adjudged that appellee was the owner in fee simple of the real estate placed in issue by appellant's cross-complaint. Appellant was ordered to pay $20.00 every two weeks for the support of the child and $450.00 additional attorney fees.

Admittedly, the conclusions of law are poorly drafted, but they are sufficient to indicate the conclusions drawn by the court in the exercise of its legal judgment, based upon the facts found. Therefore, they must be classified as conclusions of law. 53 Am. Jur., §1132, p. 786. Appellant particularly challenges the sufficiency of conclusions of law No. 3, which was as follows: "That plaintiff, Olar Smith, is the owner in fee simple of the real estate described in finding No. 7 hereinabove." Appellant contends that the statement is a finding of fact, and not a conclusion of law and, therefore, can not be considered as supporting the judgment. However, it is not necessary to determine that issue, under the facts before us.

In this case, the court not only concluded that appellee was the owner in fee simple of the real estate but, by its conclusion of law No. 7, the court, in substance, stated, as a conclusion of law, that appellant was entitled to recover nothing "upon his cross-complaint or any of the issues created thereby." It was only by this cross-complaint that the legal title in appellee was challenged. Upon this issue appellant had the burden of proof. The rule is now well estab-

lished that ". . . While it is proper to include the detailed legal conclusions applicable to the facts as found, it is sufficient to set forth one conclusion 'The law is with the plaintiff (*or,* defendant)', and if this conclusion is included, others will be regarded as surplusage. . . . ." Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, Ch. 25, §1733, p. 356. By the same reasoning, it would follow that, in the presence of a general conclusion of law *against* the party having the burden of proof, such general conclusion would be controlling of a specific conclusion upon the same issue, although stated favorably to the other party. Under these circumstances, a specific conclusion upon the issue of ownership of the real estate was unnecessary and would be mere surplusage.

However, appellant further contends that any conclusion of law which denies him partial ownership to the real estate is contrary to law, for the reason that the facts specially found, and the undisputed evidence of facts, regarding which the court erroneously failed to state findings of facts, necessarily supported a conclusion of law that appellant was owner of an equitable interest in the real estate, which he was entitled to have set off to him. He stresses the fact that the court, in its special finding of fact No. 5, specifically found that both "plaintiff and *defendant* . . . leased by written lease" the real estate in controversy; that it was this "lease"—(contract) by which both appellant and appellee originally acquired an equitable interest in said real estate; that said "lease"—contract had been fully performed and that, pursuant to the express terms thereof, the subsequent contract to purchase was entered into; that appellant lived in the property at the time the second agreement was entered into; that said second contract expressly stated that it was "subject to the rights of the present tenants;" that appellant's

equitable interest was not divested by any of the subsequent assignments or conveyances. Appellant argues that these facts were not in dispute and that failure to so find was error, and that such facts could lead to the single conclusion that, as a matter of law, appellant was the owner of an equitable interest in the real estate and that the judgment to the contrary was erroneous. However, under the circumstances before us, the contents of the "lease" and contract were merely primary facts. The same findings of facts also contained a long recital of other primary facts which, when considered as a whole, necessitate the inference of an ultimate fact that, notwithstanding the primary and evidentiary facts relied upon by appellant, appellant had abandoned and forfeited any claim to the property in controversy. The ultimate fact is controlling.

The rule upon the above issue has been stated as follows in Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, Ch. 25, §1732, *Comment 4*, p. 352:

> ". . . Where the primary facts found lead to but one conclusion or where facts are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found by the court. . . ."

We conclude, therefore, that both the finding of fact that appellee was the owner of the real estate in fee simple, and the general conclusion that the law was against the appellant on the issues of his cross-complaint were properly supported.

Further, it would appear that appellant has failed to give proper consideration to the character of the action before us. This is an action for divorce, in which it is the mandatory duty of the court to adjust and determine the property rights of the parties. Sec. 3-1217, Burns' 1946 Replacement. There

is no fixed and certain rule as to the allowance of alimony. The alimony to be awarded is, within the sound discretion of the court, dependent upon the facts and circumstances in each particular case. The court's decision will not be reviewed unless an abuse of such discretion has been shown. *Adams* v. *Adams* (1946), 117 Ind. App. 335, 69 N. E. 2d 632. Also, this court has heretofore stated that, in the adjustment of the property rights of parties, the court may allot to one spouse the property previously settled upon the other. *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114; *Baker* v. *Baker* (1952), 123 Ind. App. 152, 108 N. E. 2d 70.

In the case before us, the legal title to the real estate was in appellee. In addition to the findings of fact relative to the real estate, as heretofore discussed, the court also found as ultimate facts "Failure (of appellant) to support and maintain plaintiff and his family," and that appellant paid nothing whatsoever upon the purchase (second) contract or upon the subsequent mortgage. In an action for divorce, these findings, with other facts specifically found, were sufficient to support an award of the real estate to appellee, unencumbered by an equitable interest of appellant, if any.

Appellant asserts, as a further cause for reversal, that the court, in its conclusions of law, stated that appellee was entitled to the furniture and household effects of the parties and entered judgment accordingly. Appellant correctly asserts that there was no finding of fact in support of this conclusion and judgment. However, in the course of the trial, it was stipulated that there was no issue as to the furniture, which was in appellee's possession. Appellant is not now claiming ownership thereto. He was not harmed by the judgment, notwithstanding the fact that

it was not supported by a finding of fact. In the absense of any harm or prejudice being shown to the complaining party, this court will not reverse.

Appellant further assigns as error the granting of the divorce to appellee; the order for the support of said child, and the order that appellant pay $450.00 additional attorney fees, each for the reason that the court failed to make a finding of fact upon each of said issues. Incidentally, it is not argued that the amount of said orders is so excessive as to constitute an abuse of the court's discretion.

The first contention is not supported by the record. The orders for support and attorney fees are of the same character and the same rule of law is applicable thereto. As contended, there were no findings of facts in this case either as to a reasonable order for support, or as to the reasonable amount of additional attorney fees. However, our statute and the decision of our courts provide that orders for the payment of support and attorney fees in divorce actions are distinct from ordinary judgments in that the allowance thereof is mandatory, they lie within the discretion of the court, and payment thereof may be enforced by attachment of the person, whereas the collection of ordinary judgments must be satisfied only by execution upon the property of the debtor. See §§3-1216, 3-1219, Burns' 1946 Replacement, and cases cited in construction thereof.

As stated in *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 35, 71 N. E. 123: ". . . It would seem that neither the amount of the attorney's fees nor the sum directed to be paid monthly for the maintenance of the children is a part of the judgment in the cause. Strictly speaking, they are allowances, . . ." Because of the peculiar and statutory character of such orders, it is un-

reasonable to require that they be supported either by conclusions of law or findings of fact.

Finally, appellant raised the issue and assigned as error the refusal of the court to require appellee to produce receipts of payments under the "lease" and contract. Admittedly, appellee made these payments but the source of the money with which such payments were made was in direct conflict. However, the motion for an order to produce the receipts was not made until the cross-examination of appellee on her rebuttal testimony, *after* the parties had *rested* their case in chief. There was no testimony by appellee regarding such receipts, in either her examination in chief or her testimony on rebuttal. Neither did she testify as to their contents on rebuttal cross-examination. It would appear that the receipts could serve only in support of appellant's case in chief, upon which he had rested. Furthermore, appellant had already introduced the original "bank" ledger, showing the names of the parties and the amount of payments made. The receipts given appellee would, therefore, be only corroborative evidence of such payments. We conclude, therefore, that the production and admission of said receipts was therefore entirely discretionary with the court.

Finding no reversible error, judgment is affirmed.

NOTE.—Reported in 115 N. E. 2d 217.