MERRITT *v.* ECONOMY DEPARTMENT STORE, INC.

[No. 18,653.  Filed July 14, 1955.]

*James D. Lopp* and *John D. Clouse,* of Evansville, for appellant.

*Warren, Merrell & Combs,* of Evansville, for appellee.

PFAFF, C. J.—This is an action brought by appellant to recover damages sustained by him on account of injuries suffered by his wife alleged to have been caused by the negligence of the appellee.

The appellee filed a demurrer to appellant's complaint on the ground that the complaint disclosed that the action was not commenced within two years after it accrued and that it was, therefore, barred by the statute of limitations.

The trial court sustained the demurrer and the appellant refused to plead further and suffered judgment to go against him.

The ruling on the demurrer constitutes the only assignment of error.

Appellee contends the applicable statute of limitations in Sec. 2-602, Burns' Indiana Stat., 1953 Supp., which provides in part, "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued and not afterwards: (1) For injuries to person or character, for injuries to personal property and for a forfeiture of

penalty given by statute within two years; provided, that actions on account of injuries to personal property which occurred prior to the effective date of this amendatory act (March 7, 1951) shall be commenced within two years from the effective date of this amendatory act . . . ."

Both appellant and appellee agree and it is unquestionably the law of this state that the right of action for loss of service is a property right.

An action for loss of service is for a property right and should be classed as an action "for ▇ injuries to property," rather than one "for injuries to person." *Graf* v. *City Transit Co., Inc.* (1942), 220 Ind. 249, 41 N. E. 2d 941.

Appellee contends that such right of action is "personal property" as that term is used in the two-year statute of limitations. We believe this to be a ▇ correct interpretation of the law for the reason that in the court's opinion, *Graf* v. *City Transit Co., Inc., supra,* it was stated: "Our legislature might have made all of these actions subject to the same limitation but it has not seen fit to do so."

Ch. 301, Sec. 1, p. 999, Acts of 1951, did make "all of these actions subject to the same limitations," and in doing so amended the statute of limitations so that the six-year statute which had read, in part, "for injury to property," was amended to read, in part, "for injuries to property other than personal property . . . ." Sec. 2-601, Burns' Indiana Stat., 1953 Supp., and the two-year statute reading, in part, "for injuries to person or character . . . " was amended to read, in part, "for injury to person or character, for injuries to personal property . . . ." As has already been pointed out, Sec. 2-602, Burns' 1953 Supp., establishes a limitation of two years "for injuries to person."

· We must determine when the statute commences to run. In 54 C. J. S., Limitations of Actions, Sec. 108, p. 9, it is stated:

"The general rule, as embodied in most statutes, is that, unless a statute specifically provides otherwise, the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises, or when a person becomes liable to an action, and, according to the general rule which is applicable to any and all kinds of actions in a court, not until that time. It has been said that this rule is never questioned, but that the difficulty lies in determining when the cause of action is to be deemed as having accrued."

To the same effect, 34 Am. Jur., p. 23, Sec. 13.

In a negligence action our Supreme Court, in *Board of Commissioners of Wabash County* v. *Pearson* (1889), 120 Ind. 426, at page 428, 22 N. E. 134, 135, speaking through Judge Elliott, said:

"The appellee's cause of action did not accrue until he was injured, and although the defendant's negligence runs back to 1871, the action is not barred by the statute of limitations. The two elements of the appellee's cause of action are the legal injury and the resulting damages. *City of North Vernon* v. *Voegler,* 103 Ind. 314, 2 N. E. 821. The statute did not begin to run until the right of action accrued, and this did not accrue until the two elements came into existence. There is, therefore, no force in the argument that the acts of negligence were committed in 1871, and that the statute then commenced to run, notwithstanding the fact that the appellee was not injured until 1884."

See also: *City of Ft. Wayne* v. *Hamilton* (1892), 132 Ind. 487, 495, 32 N. E. 324; 37 C. J. S. 813, Sec. 158, 54 C. J. S. Limitations of Actions, Sec. 113; *Moody* v.

*Prov. Irr. Dist.,* Cal. App., 77 P. 2d 253, 255, Id., 12 Cal. 2d 389, 85 P. 2d 128.

The statute of limitations begins to run at the time when a complete cause or right of action accrues or arises or when a person becomes liable to an action. *Keilman, Trustee* v. *City of Hammond* (1954), 124 Ind. App. 392, 114 N. E. 2d 813; Rehearing denied, 116 N. E. 2d 515.

Railroad employee's cause of action against railroad under federal employer's liability act for injuries resulting when plaintiff was struck on head in defendant's repair shop by a falling chain hoist, accrued for purposes of statute of limitations on date injuries were received rather than when plaintiff subsequently learned he had a brain tumor which resulted from such accident and which totally and permanently disabled plaintiff. *Deer* v. *New York Central Railroad Co.* (1954), 202 Fed. 2d 625.

Our conclusion is that a husband's action for expenses incurred and loss of services occasioned by his wife's injuries was a chose in action and thus personal property, and would be governed by the statute of limitations of two years from the date of injury.

As previously recited, the ruling on the demurrer constitutes the only assignment of error.

The rule in this state is that a demurrer will not be sustained to a complaint on the ground that it shows a cause barred by the statute of limitations, unless it also appears that the cause does not come within any of the exceptions to the statute where there are such exceptions. *Kent* v. *Parks* (1879), 67 Ind. 53; *McCallam et al.* v. *Pleasants, Admr.* (1879), 67 Ind. 542; *Biggs et al.* v. *McCarty* (1882), 86 Ind. 352; *Lucas* v. *Labertue* (1882), 88 Ind. 277. It is well settled that unless it clearly appears that the

case does not fall within any of the exceptions to the statute, the question cannot be raised by demurrer. Flanagan, Indiana Pleading and Procedure, pp. 23, 24, Sec. 12.9. Unless the complaint affirmatively shows that the plaintiff does not come within any of the exceptions to the statute of limitations, a demurrer to it cannot be sustained on the ground that suit on the cause of action described therein was not brought within the time the statute requires it to be brought in order to enforce it. *Swatts* v. *Bowen et al.* (1894), 141 Ind. 322, 40 N. E. 1057.

The complaint herein does not show on its face that this cause does not fall within any exceptions to the statute of limitations and, therefore, such question cannot be raised by demurrer.

Therefore, we hold the trial court erred in sustaining the demurrer to the complaint.

Judgment reversed with instructions to the trial court to overrule the demurrer.

NOTE.—Reported in 128 N. E. 2d 279.