HELEN OWENS *v.* WILBURN E. OWENS.

[No. 1-376A38. Filed September 8, 1976.]

*Charles S. Brown, Jr., Nancy S. Brown, Brown & Brown,* of New Castle, for appellant.

*John D. Wilson, Yergin & Yergin,* of New Castle, for appellee.

ROBERTSON, C.J.—The plaintiff-appellant Helen Owens brings this appeal from the granting of a motion to quash a writ of execution issued against the property of defendant-appellee Wilburn Owens and from the denial of her motion to reconsider a previously denied petition to reduce child support arrearages to judgment.

The issue upon appeal is whether the action of the trial court was contrary to law. We affirm.

The record reveals that Helen and Wilburn were divorced on March 21, 1959, and custody of the minor children was

awarded to Helen. Wilburn was ordered to pay child support through the office of the Clerk of the Henry Circuit Court. Petitions for citation for contempt were filed by Helen on three separate occasions,[1] alleging that Wilburn had fallen behind in his scheduled payments. On each of these petitions, Wilburn was ordered to comply with the support order as entered by the court.

On May 30, 1975, Helen filed a Petition to Reduce Arrearage to Judgment in which she alleged that Wilburn had failed to pay $6,590.00 in past due support payments and prayed that judgment be entered for that amount. Wilburn filed a motion to dismiss the petition on June 27, 1975, in which he contended that the statute upon which the petition was based, IC 1971, 31-2-3-1 (Burns Code Ed.), had been repealed. The trial court sustained the motion and dismissed the petition.

On July 7, 1975, Helen filed with the Clerk of the court a praecipe for execution upon the arrearage. Pursuant to the terms of the praecipe, the clerk issued to the sheriff a writ of execution. Wilburn filed a motion to quash the execution upon ground that there was no judgment upon which the writ of execution could be properly issued. The trial court granted the motion to quash on September 17, 1975. The court also overruled an oral motion by Helen to reinstate her Petition to Reduce Arrearages to Judgment. Helen brings this appeal.

The trial court dismissed Helen's original Petition to Reduce Arrearages to Judgment on July 16, 1975. Helen did not file a motion to correct errors addressed to that judgment. A later oral motion to reinstate that petition was overruled by the trial court, and the issue is raised upon this appeal of whether the overruling of the motion was proper. However, a motion to reconsider cannot toll the time requirement for filing a motion to correct

---

1. Petitions were filed on October 17, 1966, November 10, 1967, and July 30, 1968.

errors. *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119; Ind. Rules of Procedure, Trial Rule 53.3(A). Thus, Helen has waived her rights to assert any errors concerning her Petition to Reduce Arrearages to Judgment. Moreover, the statute upon which the petition was based, IC 1971, 31-2-3-1 (Burns Code Ed.), was repealed prior to the filing of the petition.

Helen also argues that the trial court erred in quashing the writ of execution issued upon her praecipe filed with the clerk of the court.

In seeking the writ of execution, Helen relied upon IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976) which provides that terms of a child support decree may be enforced by all remedies available for enforcement of a judgment.

The practice in Indiana is to reduce unpaid support payments to a second judgment. Arrearages in support payments are considered to be a debt upon which the persons claiming the unpaid amounts must bring a second suit before proceeding with execution or other appropriate collection methods. *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764; *Grace* v. *Quigg* (1971), 150 Ind. App. 371, 276 N.E.2d 594; *Smith* v. *Smith* (1953), 124 Ind. App. 343, 115 N.E.2d 217.

Helen argues that IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976), allows a change in that practice such that a party may proceed with execution as child support payments become due and are unpaid, without having to establish the arrearages through a second, independent judgment. We disagree.

A second suit must be brought before execution may proceed because there must be a judicial determination of the amount of child support due and owing before a writ of execution may properly issue. Otherwise, the person filing the praecipe may state any given figure and place the burden upon the other party to prove that the amounts are incorrect. The practice of reducing arrearages to judgment allows a

party to contest the amounts allegedly owed before execution commences. Nothing in IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976) indicates that the existing Indiana practice has been changed.

The motion to quash was properly granted.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 354 N.E.2d 350.