DOROTHY KUHN v. CHARLES KUHN.

[No. 1-1276A237. Filed April 19, 1977.]

*Goltra & Harrison,* of Columbus, for appellant.

*Cline, King & Beck,* of Columbus, for appellee.

LYBROOK, J.—Dorothy Kuhn, plaintiff-appellant, brings this appeal following the granting of Charles Kuhn's, defendant-appellee, Motion for Summary Judgment.

The facts most favorable to the judgment indicate that plaintiff and defendant were divorced in 1965. At that time defendant was ordered to pay $35 each week for the support and maintenance of the three minor children. In July 1972, at approximately the same time, all three children became emancipated. In March 1976, plaintiff brought a Petition and Application for Citation alleging that defendant had not paid the child support.

Shortly thereafter defendant filed a Motion for Summary Judgment contending that contempt is not available as a

remedy since the children have been emancipated. On that basis the trial court granted defendant's Summary Judgment.

Plaintiff raises for our consideration the following issue:

(1)   Must a second judgment be obtained before coercive measures may be employed to collect support arrearages?

## I.

Plaintiff contends that trial courts have statutory authority to reduce child support arrearages to judgment and then provide for collection of that judgment through contempt of court proceedings.  The contention is based on the language contained in IC 1971, 31-1-11.5-17(a)  (Burns Code Ed., Supp. 1976), where it is stated:

> ". . . Terms of the decree may be enforced by all remedies available for enforcement of a judgment including but not limited to contempt or an assignment of wages or salary, except as otherwise provided in this chapter [31-1-11.5-1—31-1-11.5-24]."

As a second theory plaintiff asserts that even prior to the enactment of the above statute the courts possessed the contempt power to enforce payment of support arrearages.  However, since the children in the case at bar have been emancipated, we find that contempt is not available, and affirm the trial court's ruling.

This court was recently faced with an analogous situation in *Owens* v. *Owens* (1976), 170 Ind. App. 566, 354 N.E.2d 350, where execution was sought.  The reasoning of the court in *Owens* seems applicable to the case at bar.  The following quote from the *Owens* case illustrates our reasoning in this matter.

> "In seeking the writ of execution, Helen relied upon IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976) which provides that terms of a child support decree may be enforced by all remedies available for enforcement of a judgment.

■ The practice in Indiana is to reduce unpaid support payments to a second judgment.. Arrearages in supprot payments are considered to be a debt upon which the persons claiming the unpaid amounts must bring a second suit before proceeding with execution or other appropriate collection methods. *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764; *Grace* v. *Quigg* (1971), 150 Ind. App. 371, 276 N.E.2d 594; *Smith* v. *Smith* (1953), 124 Ind. App. 343, 115 N.E.2d 217.

Helen argues that IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976), allows a change in that practice such that a party may proceed with execution as child support payments become due and are unpaid, without having to establish the arrearages through a second, independent judgment. We disagree.

A second suit must be brought before execution may proceed because there must be a judicial determination of the amount of child support due and owing before a writ of execution may properly issue. Otherwise, the person filing the praecipe may state any given figure and place the burden upon the other party to prove that the amounts are incorrect. The practice of reducing arrearages to judgment allows a party to contest the amounts allegedly owed before execution commences. Nothing in IC 1971, 31-1-11.5-17 (Burns Code Ed., Supp. 1976) indicates that the existing Indiana practice has been changed."

In light of the above reasoning, and the debt nature of support arrearages after the child's emancipation, we hold that a second judgment is necessary prior to any coercive action being taken, and even then contempt will not lie if preceded by emancipation. The judgment of the trial court is therefore affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 361 N.E.2d 919.