JACKIE RAY STRAWSER *v.* MARY D. STRAWSER.

[No. 1-277A19.  Filed July 14, 1977.]

*James R. Earnshaw, Harding & Henthorn,* of Crawfordsville, for appellant.

*Don C. Schmidt,* of Crawfordsville, for appellee.

LYBROOK, J.—Jackie Ray Strawser, defendant-appellant, brings this appeal following entry of judgment in favor of Mary D. Strawser, plaintiff-appellee.

The facts most favorable to the judgment indicate that Jackie and Mary were married in 1950. During the next nine years three sons were born to the couple. In 1959, Mary took the three children and moved to Florida. This was done without the consent or prior knowledge of Jackie and he subsequently learned their location.

Approximately two years later Jackie plead guilty to a theft charge and was placed on probation. As a condition of the probation he was required to pay $42 bi-weekly to the clerk of the court for support of his children. At the completion of his six months probation Jackie ceased payment of the support.

In 1966, Jackie filed suit against Mary seeking an absolute divorce. Service was made by publication even though he had knowledge of her whereabouts in Florida. The divorce was granted and no provisions were made for custody or support of the children. All three sons were emancipated in 1973.

In January 1976, Mary filed suit seeking $13,649 reimbursement for funds she had expended upon the children prior to their emancipation. Following a trial to the court, findings of fact and conclusions of law were rendered and judgment was entered in the requested amount.

Upon the above facts, Jackie presents the following issues for our review:

(1) Is the action barred by laches, the statute of limitations, or the statute of frauds?
(2) Is the judgment supported by sufficient evidence?

I.

Appellant initially argues in the alternative that either the equitable doctrine of laches, or the statute of limitations

must act as a bar to Mary's action. As a threshold issue, it must be determined whether the nature of her suit lies in law or in equity.

It is the settled law in Indiana that arrearages in support must be taken to a second judgment as they are considered to be a debt. *Owens* v. *Owens* (1976), 170 Ind. App. 566, 354 N.E.2d 350; *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 102 N.E.2d 764. While it is true that there was no support decree in the case at bar the nature of the sum requested is in effect an allegation of a debt.

Since the nature of the action is a debt, the suit must be characterized as one at law. *Grace* v. *Quigg* (1971), 150 Ind. App. 371, 276 N.E.2d 594; *White* v. *White* (1913), 169 Mo. App. 40, 154 S.W. 872. In an action at law, the statute of limitations would be the appropriate bar to Mary's action should she have been found to have failed to initiate an action for too great a period of time.

We must next determine the proper statute of limitations which is applicable to the case at bar. The sums which allegedly are due are in the nature of debt as they are to reimburse Mary for the funds which she expended in support of the three sons. Mary is alleging that she has a right to reimbursement. If this right does exist it is a chose in action. *Merritt* v. *Economy Department Store* (1955), 125 Ind. App. 560, 128 N.E.2d 279; *In re Plasterer's Estate* (1956), 49 Wash.2d 339, 301 P.2d 539; *McGee* v. *Stokes' Heirs of Law* (1956), N.D., 76 N.W.2d 145.

Since the right to the debt is a chose in action it is also a property right. Choses in action are properly characterized as personalty. *Merritt, supra; McGee, supra; O'Grady* v. *Potts* (1964), 193 Kan. 644, 396 P.2d 285; *City of Holland* v. *Township of Fillmore* (1961), 363 Mich. 38, 108 N.W.2d 840.

The appropriate statute of limitations for suits involving personalty is IC 1971, 34-1-2-2 (Burns Code Ed.) which reads in pertinent part:

"34-1-2-2 [2-602]. Limitation of actions—Two, five, six, ten and twenty years.—The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

First. For injuries to person or character, *for injuries to personal property,* and for a forfeiture of penalty given by statute, within two [2] years: Provided, That actions on account of injuries to personal property which occurred prior to the effective date of this amendatory act [March 7, 1951] shall be commenced within two [2] years from the effective date of this amendatory act." (Emphasis added).

This court faced a somewhat analogous situation in *Merritt, supra.* In that case a husband had incurred expenses for the medical care of his wife which resulted from the negligence of the defendant. The court held that the husband's right to reimbursement for the wife's expenses was a chose in action; therefore personal property, and therefore subject to the two year statute of limitations. See also, *Rush* v. *Leiter* (1971), 149 Ind. App. 274, 271 N.E.2d 505.

We must next determine when the cause of action accrued and thus commenced the running of the statute of limitations. It is clear that Jackie could not be responsible for the support of his children subsequent to their emancipation. The last possible date from which a statute of limitations may be computed is the last possible date on which the wrong may have occurred. *Rush* v. *Leiter, supra.* The case of *Allen* v. *Allen* (1954), 364 Mo. 955, 270 S.W.2d 33 more specifically addressed this exact issue. In so doing the court held that the cause of action accrues when each payment for support of the child is made and the statute of limitations commences running at that date.

In light of the fact that the instant action was initiated more than two years after the emancipation of the youngest

child, the action was barred by the statute of limitations. The trial court therefore committed reversible error in finding for the plaintiff and the judgment is hereby reversed for further action not inconsistent with this opinion.

II.

In light of our holding as to issue I, we deem it unnecessary to address the second alleged error.

Judgment reversed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 364 N.E.2d 791.