Dorothy KUHN, Appellant (Plaintiff below),

v.

Charles KUHN, Appellee (Defendant below).

No. 1–678A171.

Court of Appeals of Indiana, First District.

May 9, 1979.

Rehearing Denied June 7, 1979.

Patrick W. Harrison, Goltra & Harrison, Columbus, for appellant.

William H. Stone, Cline, King & Beck, Columbus, for appellee.

ROBERTSON, Judge.

Plaintiff-appellant Dorothy Kuhn (Dorothy) appeals from a judgment in favor of Charles Kuhn (Charles), defendant-appellee.

The marriage of the parties was dissolved on March 13, 1965, and pursuant to the decree Charles was ordered to remit $35.00 per week to the court clerk for the support of their three minor children. The children were emancipated by July 1, 1972, and Dorothy thereafter filed contempt proceedings for failure to pay the support installments.[1] In a predecessor case, *Kuhn v. Kuhn*, (1977) Ind.App., 361 N.E.2d 919, we held the refusal to issue a contempt citation was proper because Dorothy had failed to obtain a second judgment establishing the amount due for accrued unpaid installments. The instant action was commenced in accordance with our decree in *Kuhn, supra*. The trial court held, however, that the failure to bring suit within two years of emancipation rendered the action barred by the statute of limitations for injury to personal property.

■ The action by the trial court was apparently based on this court's decision in *Strawser v. Strawser*, (1977) Ind.App., 364 N.E.2d 791. *Strawser* is factually dissimilar in that the wife, after emancipation of the children, asserted a *common law* right (there being no court order requiring payment of support) for her support expenditures. By analogy to an action to recover accrued unpaid installments mandated by a divorce decree, we stated that if the wife had a right to recover, it would be based on a debt obligation. We reasoned that since a debt can be characterized as a chose in action, and since a chose in action was personalty, that the statute of limitations for injury to personal property (the chose in action) should apply. Although the *Strawser* decision was not without precedent using such language (*see Merritt v. Economy Department Store, Inc.*, (1955) 125 Ind.App. 560, 128 N.E.2d 279; *Rush v. Leiter*, (1971) 149 Ind.App. 274, 271 N.E.2d 505[2]), we are constrained to disapprove the logic of the *Strawser* syllogism. While we express no opinion as to the correctness of the *result* in *Strawser*, its reasoning does not control when the support obligation is based on a judgment.

The *Strawser* court reasoned as follows: first, the *right* to sue on a debt is a chose in action; second, a chose in action is personalty; therefore, the statute of limitations is that for injury to personal property (and not for an action on a debt). The defect in our reasoning is that while the first two propositions are correct statements of the law, the conclusion does not naturally follow because the statutes of limitation apply to the nature of the right being enforced, and not the right to bring the action; that is, one does not generally base an action on injury to the right to bring suit. Carried to its logical conclusion, *Strawser* would impose a two year statute of limitations to any chose in action, whether it be founded on contract or tort, regardless of the nature of the underlying obligation or injury. We are constrained to hold, therefore, that our *reasoning* in *Strawser* was inappropriate and, insofar as it conflicts herewith, it is overruled.

Having decided that the two year statute of limitations should not apply to the instant case, we must proceed to ascertain the proper statute to be applied to facilitate proceedings on remand. Such a result can-

---

1. It appears that Charles has never paid any support as ordered by the court.

2. While we believe these decisions reached the correct result, we disapprove the language so far as it supports the holding in *Strawser*.

not be reached without a re-examination of our holdings in related cases.

The problem we encounter is that the failure to pay accrued court ordered support payments has come to be treated as creating a mere debt upon which a second judgment must be obtained before the parties or the court may proceed with legal collection devices or sanctions for failure to satisfy unpaid installments. For example, in *Owens v. Owens*, (1976) Ind.App., 354 N.E.2d 350, we affirmed the trial court's quash of a writ of execution for arrearages because:

> The practice in Indiana is to reduce unpaid support payments to a second judgment. Arrearages in support payments are considered to be a debt upon which the persons claiming the unpaid amounts must bring a second suit before proceeding with execution or other appropriate collection methods. *Corbridge v. Corbridge*, (1952) 230 Ind. 201, 102 N.E.2d 764; *Grace v. Quigg*, (1971) 150 Ind.App. 371, 276 N.E.2d 594; *Smith v. Smith*, (1953) 124 Ind.App. 343, 115 N.E.2d 217.

*Id.*, at 352. Thus, the necessity for obtaining a second judgment in *Owens* was based on the debt attributes of a support order, thereby indicating that the statute of limitations for an action on a debt, rather than on a judgment, should apply. For the reasons that follow, however, we believe *Owens* misconstrued the reasoning in *Corbridge*, *Grace*, and *Smith*.

In *Corbridge*, the trial court found the husband in contempt but refused to commit him to jail because the children were emancipated. The court declared:

> The power to attach for contempt of court for violation of the order is an inherent power not dependent upon statutory authority. [Citation omitted.] The extraordinary remedy of attachment for a civil contempt of court is available, not for the protection of the one having custody of the child, but for the benefit of the child, so that it may not want for necessities during the period of its minority. When the child reaches its majority the purpose and justification for the extraordinary remedy cease, and the court has no right to coerce the back payments of support by imprisonment.

230 Ind. at 207, 102 N.E.2d at 767 (citations omitted). In *Grace* the children were again emancipated, and the *Smith* court in *dicta* recognized that support orders *may* be enforced by attachment of the person. In essence, these cases were concerned with the available *sanctions* when the children have been emancipated, and have held that contempt after emancipation is improper. While it is beyond dispute in this state that the nature of the obligation to comply with a support order is akin to a debt (*Corbridge, Kuhn, supra*), the cases relied upon in *Owens* concerned the bounds of the court's contempt power to force compliance with a support order, but in no wise established that *no* proceedings whatever on the judgment could be maintained.

Before emancipation, the power of the court to hold the defaulting spouse in contempt is undeniable. *See, e. g., Carey v. Carey*, (1961) 132 Ind.App. 30, 171 N.E.2d 487; *Kerr v. Kerr*, (1923) 194 Ind. 140, 141 N.E. 305; *Perry v. Pernet*, (1905) 165 Ind. 67, 74 N.E. 609; *Stonehill v. Stonehill*, (1896) 146 Ind. 445, 45 N.E. 600. And while such contempt powers are inherent in the court (*Corbridge, supra*), such powers have been expressly recognized by our legislature. Ind.Code 31–1–11.5–17.[3] Hence, we are convinced that *Corbridge* established only that the coercive nature of contempt is too drastic after emancipation, but it did not hold that all proceedings on a support order must be reduced to a second judgment. If the extraordinary remedy of contempt while the children are not emancipated may be wielded by the court, we see no reason why the non-defaulting spouse may not avail him or herself of the lesser measures of execution and proceedings supplemental. While in the nature of a debt, the obligation is derived from a judicial decree,

---

3. . . . Terms of the decree may be enforced by all remedies available for enforcement of a *judgment* including but not limited to contempt or an assignment of wages or salary . . . . [Our emphasis.]

and as such is of higher recognizance and integrity than a mere debt. We decline, therefore, to remove the normal incidents of a judgment merely because the obligation has earmarks of a debt, and hence the statute of limitations for an action on a debt is not proper. *Owens,* insofar as it is inconsistent, is overruled.[4]

■ To summarize, accrued installments enjoy the integrity of a judicial act and, unlike a debt, the merits of the controversy have already been judicially established. As they become due, the aggrieved spouse may proceed by writ of execution and proceedings supplemental; the only *caveat* is that the court sanction of contempt is unavailable after emancipation. In essence, the installments as they become due and unpaid are a "judgment" and a second action on the original judgment is unnecessary. As a judgment, the statute of limitations is 10 years[5] and begins to run on each installment as it becomes due. *Compare Central Trust and Savings Company v. Kirkman et al.,* (1920) 73 Ind.App. 633, 127 N.E. 452.

Lastly, our result has been predicated on the assumption that the unpaid installments are liquidated and ascertainable from the decree. Since such orders should not be modified retroactively (*see, e. g., Corbridge, supra*; *Kniffen v. Courtney,* (1971) 148 Ind. App. 358, 266 N.E.2d 72), and may be ordered payable to the clerk (IC 31–1–11.5–13(a)), administration does not pose a significant problem. Moreover, our fear in *Owens* that a spouse may assert a sum due in excess of that which has accrued is not viable in view of the severe civil sanctions which could be imposed, including that for committing a fraud upon the court.[6]

For all the foregoing reasons, we reverse and remand for further proceedings consistent with the views stated herein.

Reversed and remanded.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

4. *Kuhn,* in light of *Corbridge,* reached the correct result although reliance on *Owens* was improper.

5. 34–1–2–2 [2–602]. Limitation of actions—Two, five, six, ten and twenty years.—The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

    *   *   *   *   *   *

Sixth. Upon contracts in writing other than those for the payment of money within twenty [20] years: Provided, however, That upon all mortgages other than mortgages defined and enumerated by Chapter 147 of the Acts of 1935, and upon deeds of trust, on judgments of courts of record and for the recovery of the possession of real estate, within ten [10] years: Provided, That as to all such mortgages and deeds of trust executed and judgments of courts of record and causes of action for the recovery of the possession of real estate accrued prior to the effective date of this amendatory act [March 7, 1951], the time in which actions shall be commenced thereon shall be the same as if this amendatory act had not become law.

6. Suit may be brought for wrongful execution against the judgment creditor where the writ was issued but the judgment had been satisfied. *Glover v. Horton,* (1844) 7 Blackf. 295. *See also Ault et al. v. Phillips et al.,* (1940) 108 Ind.App. 535, 27 N.E.2d 379.