Dorothy KUHN, Appellant,

v.

Charles KUHN, Appellee.

No. 480S89.

Supreme Court of Indiana.

April 2, 1980.

Patrick W. Harrison, Goltra & Harrison, Columbus, for appellant.

William H. Stone, Cline, King & Beck, Columbus, for appellee.

G. Daniel Kelley, Jr. and Philip A. Whistler, Ice, Miller, Donadio & Ryan, Indianapolis, amicus curiae.

GIVAN, Chief Justice.

This case was initially decided on appeal by the Court of Appeals and reported at 389 N.E.2d 319. We vacate the opinion of the Court of Appeals and remand this cause to the trial court.

On March 13, 1965, appellant Dorothy Kuhn and appellee Charles Kuhn were granted a divorce by the Brown Circuit Court. That court ordered the appellee to pay appellant the sum of Thirty-Five Dollars ($35.00) per week as child support for the three minor children of the parties. The three children were all emancipated by July 1, 1972. The appellant, who contends that she was unable to learn the whereabouts of the appellee until 1976 (except for a brief period in 1970), filed suit against Charles on August 27, 1976, seeking a judgment for accrued child support.

The trial court entered judgment against appellant on the basis that her claim was barred by the statute of limitations for injury to personal property which expired two years after emancipation of the youngest child. Upon appeal the Court of Appeals held that the ten-year statute of limitations applicable to judgments applies to unpaid installments of court-ordered support; that the statute commences to run upon each installment as it becomes due and unpaid; and that reduction to a second judgment before execution on the debt is unnecessary. We disagree.

The appellant argues, and the Court of Appeals held, that accrued arrearages under an order for child support constitute a judgment. We believe this conclusion is contrary to Indiana case and statutory law. In Owens v. Owens, (1976) Ind.App., 354 N.E.2d 350, the court recognized the practice in Indiana of bringing a second suit on a support order for a judicial determinaion of the amount of support due and owing before a writ of execution may properly issue. In fact, in a predecessor case, Kuhn v. Kuhn, (1977) Ind.App., 361 N.E.2d 919, the Court of Appeals expressed its approval of Owens and the requirement of a lump sum judgment on accrued court-ordered support before the custodial parent can proceed with execution or proceedings supplemental. 361 N.E.2d at 920.

The conclusion that unpaid support cannot be considered a judgment is also required by the reading of the applicable statute. IC § 31–1–11.5–13 (Burns' Supp.1979) states: "(e) upon application to the court for enforcement of an order for support, the court may: (1) Enter a judgment against the person obligated to pay support . . . ." From a practical standpoint, an order for periodic payments of child support is not a money judgment until an action is brought for a determination as to the amount of unpaid and dilinquent installments.

If we were to hold that delinquent court-ordered support payments are final money judgments and eliminate the requirement of a second suit, a question would arise as to whether such a judgment would constitute a lien upon the real estate of the parent who becomes delinquent. A decision that child support arrearages are entitled to status as a money judgment could have a devastating effect upon the alienability of real estate. It would be extremely difficult for a purchaser of land to determine the existence and amount of liens securing the support arrearages. Prior Indiana case law clearly indicates that even though support payments may have accrued under a court decree, they are not sufficiently undisputa-

ble to be considered a final money judgment so as to become a statutory lien upon the real estate of the obligor. *Wolverton v. Wolverton,* (1904) 163 Ind. 26, 71 N.E. 123; *Myler v. Myler,* (1965) 137 Ind.App. 605, 210 N.E.2d 446; *Rosenberg v. American Trust & Savings Bank,* (1927) 86 Ind.App. 552, 156 N.E. 411. A provision for child support payments in the future is to be distinguished from an award of a definite sum of alimony which is due and payable upon the date of the decree which is a present final judgment and which will constitute a lien upon the property of the judgment debtor. *Rosenberg, supra,* at 86 Ind.App. 555, 156 N.E. 413.

■ Therefore, we hold that an order for periodic payments of child support is not a final money judgment. We hold that such a money judgment does not exist until an action is brought for a determination of the amount of unpaid and delinquent installments. We believe the analogy between a final judgment and accrued court-ordered support is too tenuous to justify the application of the statute of limitations for judgments to child support arrearages which have not been reduced to a lump-sum judgment.

The trial court stated in its judgment that *Strawser v. Strawser,* (1977) Ind.App., 364 N.E.2d 791, "set the statute of limitations for the collection of back support debts at two years after the accrual of said debt." In *Strawser* the plaintiff filed suit against her ex-husband seeking reimbursement for the funds which she had expended in support of their three sons. Based on *Strawser,* the appellee herein argues that Indiana recognizes the debt nature of support payments and the right to sue on a debt is a chose in action which in Indiana is recognized as a personal property right and that the applicable statute of limitations is that which governs suits involving personalty. IC § 34-1-2-2 (1976).

*Strawser* is inapplicable to and distinguishable from the case at bar. There the wife asserted a common law right to reimbursement based upon the father's legal duty to support his children absent a support decree. The appellant herein has based her cause of action upon a decree from the Brown Circuit Court, which ordered appellee to make specific payments to her for the support of their children.

The line of cases upon which appellee relies and which led to the *Strawser* decision does not dictate the choice of either the six-year statute of limitations for accounts and contracts not in writing, IC § 34-1-2-1(1), or the statute of limitations for choses in action, IC § 34-1-2-2(1), as the limiting statute for suits for accrued, court-ordered child support. None of these cases involved a statute of limitations question. In *Corbridge v. Corbridge,* (1952) 230 Ind. 201, 102 N.E.2d 764, this Court recognized the correlation between a debt and unpaid, court-ordered child support. The proposition was again acknowledged in *Grace v. Quigg,* (1971) 150 Ind.App. 371, 276 N.E.2d 594, and *Owens v. Owens,* (1976) Ind.App., 354 N.E.2d 350. Although we agree that in this State the nature of the obligation to comply with a support order is akin to a debt, it does not necessarily follow that the six-year statute of limitations on accounts and contracts not in writing will apply.

Since we cannot characterize an action to recover accrued, court-ordered support payments as an action on a debt, a money judgment, or a contract, we are unable to rely on any one of the specific categories set forth in IC § 34-1-2-1 [Burns 1976] or IC § 34-1-2-2 [Burns 1976]. We, therefore, conclude that the appropriate limiting statute is IC § 34-1-2-3 [Burns 1976] which provides:

"All actions not limited by any other statute shall be brought within fifteen (15) years."

We now turn to the question of whether the statute begins to run upon emancipation of the youngest child or on each installment as it becomes due and payable.

The general rule is that where an obligation is payable in installments, the statute of limitations runs as to each installment as it becomes due. 54 C.J.S. *Limitations of Actions* § 156 (1948). This rule has been applied to various obligations including judgments for support payable in installments. See *Miller v. Miller,* (1941) 74 App.D.C. 216, 122 F.2d 209; *Dent v. Casasa,* (1973) 296 Minn. 292, 208 N.W.2d 734; *Roberts v. Roberts,* (1966) 69 Wash.2d 863, 420 P.2d 864; *Mark v. Safren,* (1964) 227 Cal. App.2d 151, 38 Cal.Rptr. 500. Indiana appears to be in accord with those states in which the statute commences to run on installment type obligations as each installment becomes due. *Central Trust and Savings Co. v. Kirkman,* (1920) 73 Ind.App. 633, 127 N.E. 452.

We hold that the fifteen-year statute of limitations of IC § 34–1–2–3 applies to court-ordered child support payments. Further, we hold that the statute of limitations begins to run on each installment as it becomes due and unpaid. The Court of Appeals' decision is hereby vacated and this case is remanded to the trial court with instructions to apply the fifteen-year statute of limitations to each installment of support which the appellant was entitled to receive.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.