## MULLEN v. TOWN OF NEWCASTLE.

[No. 22,495.    Filed November 7, 1913.]

1. HUSBAND AND WIFE.— *Injuries to Wife.—Action by Husband.— Limitation of Actions.*—An action by a husband for damages for loss of his wife's services, resulting from personal injuries sustained by her, is controlled by §295 Burns 1908, §293 R. S. 1881, providing that actions "for injuries to person * * *" shall be commenced within two years after the cause of action has accrued, and not afterward. p. 386.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Action by Joel Mullen against the Town of Newcastle. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)    *Affirmed.*

*Ralph S. Gregory, Leslie R. Noftzger, H. H. Evans* and *J. Hindman,* for appellant.

*William O. Barnard* and *William E. Jeffrey,* for appellee.

MORRIS, J.—Appellant sued appellee for damages for loss of services, etc., of his wife, resulting from injuries sustained by her falling into a hole in a sidewalk, which, it was averred, was negligently left open by appellee. Appellee filed its answer to the complaint, in which it was alleged that the cause of action sued on, did not accrue within two years next before the bringing of the action. To this answer appellant demurred, for want of facts. The demurrer was overruled, and plaintiff electing to stand on his exceptions to the ruling, judgment was rendered for defendant. This ruling presents the sole question for review here.

Section 295 Burns 1908, §293 R. S. 1881, provides that actions "for injuries to person * * *" shall be commenced within two years after the cause of action has accrued, and not afterward. Appellee contends that this statute controls, while appellant claims that it has no application in an action of this character. The

trial court did not err. Appellant's right to maintain the action was grounded on the alleged negligent injury to the person of the wife, and was barred by the same limitation applicable to an action by her. In *Maxson* v. *Delaware, etc., R. Co.* (1889), 112 N. Y. 559, the same question, under a similar statute, was presented to the Court of Appeals of New York. In the opinion it was said: "It would be an anomalous condition of the statute law if while an individual would be limited in his right to bring an action for an injury to his body, resulting from the defendant's negligence, to the period of three years, as to all elements of damage, yet, if another, to whom the right might appertain to maintain an action for that same injury, sues, the time is enlarged to six years, on the theory that it was an injury to property. We do not find support for such a construction of the statute, and we do not believe any such condition of things was intended by the legislature." We approve the doctrine declared by the New York Court of Appeals, and it applies to the construction of the Indiana statute here in controversy.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 1. See, also, 21 Cyc. 1549.