## CLIFF v. SELIGMAN & LATZ.
### No. 5386.

Circuit Court of Appeals, Sixth Circuit.
Feb. 21, 1930.

J. C. Luckay, of Cleveland, Ohio (Bernsteen & Bernsteen, of Cleveland, Ohio, on the brief), for appellant.

N. P. Beall, of Cleveland, Ohio (Dustin, McKeehan, Merrick, Arter & Stewart, George William Cottrell, and L. B. Davenport, all of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN and HICKS, Circuit Judges, and ANDERSON, District Judge.

HICKS, Circuit Judge.

On August 3, 1928, the plaintiff, Cliff, brought suit against the defendants, Seligman & Latz, partners, for damages for the loss of the companionship and services of his wife and incidental medical expenses alleged to have been caused by personal injuries inflicted upon her by defendants on March 1, 1926, at their place of business in Cleveland, Ohio, by the negligent operation of an electric waving machine applied to her hair. Defendants demurred. The demurrer was sustained up-

on the ground that the petition showed that the action was barred by the Statute of Limitations found in Gen. Code Ohio, § 11224—1.[1] Plaintiff insists that this statute has no application because the cause of action arose before August 2, 1927, its effective date. We do not feel called upon to determine the point, for we conclude that the statute cited has no application under *any* circumstances to the cause of action alleged.

Prior to 1927 the relevant limitation statute was General Code, § 11224.[2] In May of that year, effective August 2d (112 Ohio Laws, p. 237), the Legislature amended section 11224 by striking from subsection 2 the words "or injuring it" and at the same time enacted the supplemental section 11224—1, effective the same date. It is apparent that the legislative intent was only to reduce the limitation period for actions for injuring personal property (Ohio G. C., § 11224, subsec. 2) and for bodily injury (Ohio G. C., § 11224, subsec. 4) from four to two years. However, we think plaintiff's alleged cause of action was neither for bodily injury nor for injuring personal property. If the averments of the petition were true, plaintiff's wife would of course have had a cause of action for damages for bodily injury, i. e., for direct damage to her person, but plaintiff's action is upon a different basis. The law gives the husband no direct action for damages for bodily injury to the wife. His cause of action is consequential and is for injury to his right as husband to the companionship and services of the wife, and being "for an injury to the rights of plaintiff not arising on contract" is certainly preserved for four years under Ohio Gen. Code, § 11224, subsec. 4, unless by construction it can be made to fall within that class of actions "for bodily injury or injuring personal property" limited to two years under Ohio Gen. Code § 11224

---

[1] "Sec. 11224—1. Two Years; bodily injury or injuring personal property.

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

[2] "Sec. 11224. Four Years. An action for either of the following causes, shall be brought within four years after the cause thereof accrued;

"1. For trespassing upon real property;

"2. For the recovery of personal property, or for taking, detaining, or injuring it;

"3. For relief on the ground of fraud;

"4. For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.

"If the action be for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the cause thereof shall not accrue until the wrongdoer is discovered; nor, if it be for fraud, until the fraud is discovered."

—1. But we find no such legislative intent. If the purpose was to reduce the limitation period for such actions from four to two years, the Legislature would undoubtedly have made its meaning plain by specifically excepting them from the general class of actions set out in Ohio Gen. Code, § 11224, subsec. 4, and in turn particularly including them in section 11224—1. It did neither. Upon the other hand, Ohio Gen. Code, § 11224—1, was enacted after the opinion of the Supreme Court in New Amsterdam Casualty Co. v. Nadler, 115 Ohio, 472, 154 N. E. 736. This case, not a suit directly for damages against the alleged wrongdoer, but an action by the husband upon certain statutory provisions in an insurance policy held by the wrongdoer, held in substance that a husband who sustained damages by reason of loss of the wife's society and services, resulting from her bodily injury, could not recover. The Nadler Case followed the case of Williams v. Nelson, 228 Mass. 191, 117 N. E. 189, 191, Ann. Cas. 1918D, 538, upon a similar statute where it was held that the " 'bodily injury * * * of any person' cannot reasonably be held to include the kind of loss suffered by the husband." We are justified in presuming that the term "bodily injury" was used by the Legislature in the sense determined by the Nadler Case. U. S. v. Merriam, 263 U. S. 179, 187, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Kepner v. U. S., 195 U. S. 100, 124, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655. See, also, Fryer v. Mt. Holly Water Co., 87 N. J. Law, 57, 59, 93 A. 679. We are aware that courts in other jurisdictions (Blackwell v. Railroad Co., 124 Tenn. 516, 520, 137 S. W. 486; Mullen v. Newcastle, 180 Ind. 386, 103 N. E. 1; Black v. Ry. Co., 257 Pa. 273, 101 A. 644) have expressed divergent views upon the general principle, but these decisions are not particularly helpful here, because they were in the main founded upon considerations of the particular statutes involved.

Nor do we think that plaintiff's right of action is one for "injuring personal property." The words "personal property" in a general sense comprehend rights of action such as are asserted by plaintiff, but this is not always so. They are often used in a restricted sense and made to refer particularly to chattels such as are tangible, moveable, visible, and pass by manual delivery. When found in a statute their construction is a matter of legislative intent. Aultman v. McConnell (C. C.) 34 F. 724, 726; Vaughan v. Murfreesboro, 96 N. C. 317, 320, 2 S. E. 676, 60 Am. Rep. 413; Chicago v. Hulbert, 118 Ill.

632, 637, 8 N. E. 812, 59 Am. Rep. 400; People v. Hibernia Sav. & Loan Soc., 51 Cal. 243, 248, 21 Am. Rep. 704; Curtis v. Richland, 56 Mich. 478, 23 N. W. 175; Leonard v. Lawrence, 32 N. J. Law, 355, 356; Woodward v. Laporte, 70 Vt. 399, 403, 41 A. 443. We are satisfied that the Legislature used the phrase in this limited sense in the statute in question. Ohio Gen. Code, § 11224, as originally written, limited to four years an action " * * * (2) *for the recovery of personal property, or for taking, detaining, or injuring it.* * * *" (Italics ours.) We think this dealt with goods and chattels according to their usual and ordinary meaning. It bore no relation to rights of action for tort such as plaintiff's. The amendment thereto, eliminating the words "or injuring it" and the contemporaneous supplemental section 11224—1, which acts must be construed together, do no more than reduce the time limited for commencing any action for injuring personal property such as contemplated by section 11224 as originally written. They are limitation statutes purely and reflect no purpose or intent to alter or enlarge the restricted legislative meaning of the term "personal property." We conclude therefore that section 11224—1 does not control, that the applicable statute is section 11224, subsec. 4, allowing four years for suit after the cause of action accrued, and that therefore the demurrer should have been overruled.

The judgment is therefore reversed.