## GRAF *v.* CITY TRANSIT COMPANY, INC.

[No. 27,678.   Filed June 1, 1942.]

*Landis & Hanna,* of Logansport, for appellant.

*Smith & Loeser,* and *Donald L. Smith,* all of Indianapolis, for appellee.

SHAKE, J.—The appellant brought this action to recover the pecuniary loss sustained by him on account of injuries suffered by his wife and alleged to have been caused by the negligence of the appellee. The appellee demurred on the specific ground that the complaint disclosed that the action was not commenced within 2 years after it accrued and that it was, therefore, barred by the statute of limitations. The trial court sustained the demurrer, and the appellant refused to plead further and suffered judgment to go against him. The ruling on the demurrer constitutes the only assigned error.

The appellee relies on § 38, ch. 38, Acts 1881 (Spec. Sess.), § 2-602, Burns' 1933, § 61, Baldwin's 1934, as construed by this court in *Mullen* v. *Town of Newcastle* (1913), 180 Ind. 386, 387, 103 N. E. 1. The statute referred to provides that actions "for injuries to person" shall be commenced within 2 years after they accrue and not afterward. In the Mullen case it was held that an action like the case at bar was "grounded on the alleged negligent injury to the person of the

wife, and was barred by the same limitation applicable to an action by her".

The appellant asserts that the Mullen case, *supra,* is unsound and that it was inferentially overruled by this court in *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, 82 A. L. R. 1413, in which it was held that a parent's action for the wrongful death of a child was not for the personal injury to the child but was for the parent's pecuniary loss resulting therefrom.

The Mullen case was based exclusively upon *Maxson* v. *Dela., etc., R. Co.* (1889), 112 N. Y. 559, 20 N. E. 544, but an examination of the statute under consideration by the New York court reveals that a "personal injury" as defined therein was "an actionable injury to the person, either of the plaintiff or of another." The court pointed out that this provision of the New York statute was derived from a prior act which defined a personal injury as "an actionable injury to the person of the plaintiff, or of his or her wife, husband, child or servant" and that there was no apparent legislative intent to change the legal effect of the former statute. It was also observed that another section of the same act provided that "an injury to property is an actionable act whereby the estate of another is lessened, other than a personal injury, or the breach of a contract". The New York court reached the conclusion that a husband's action for expenses incurred and loss of services occasioned by his wife's injuries was an action for personal injuries as defined by the statutes of that state and that it was subject to the limitations applicable thereto.

Except for the Mullen case, *supra,* the courts of this State have consistently held that the claim of a husband, wife, or parent for loss sustained by reason of injuries

to a wife, husband, or child is in the nature of a property right, as distinguished from an action for damages maintainable by or on behalf of the person injured. *Thompson* v. *Town of Fort Branch, supra* and cases cited therein. Our Legislature might have made all of these actions subject to the same limitation but it has not seen fit to do so. As has already been pointed out § 2-602, Burns' 1933, § 61, Baldwin's 1934, establishes a limitation of 2 years "for injuries to person" while § 2-601, Burns' 1933, § 60, Baldwin's 1934, allows 6 years within which to bring an action "for injuries to property." An action for loss of services is for a property right and should be classed as an action "for injuries to property" rather than as one for "injuries to person." In this respect our statutes are radically different from those of New York which the Court of Appeals of that state construed in the Maxson case. This distinction does not appear to have been noticed by this court in *Mullen* v. *Town of Newcastle, supra* and it is fair to assume that if this had been done a different result would have been reached.

Numerous cases from other jurisdictions have been cited by both parties to this appeal. When these authorities are considered in the light of the peculiar statutory provisions with which they deal, the conclusions reached can readily be harmonized. 108 A. L. R. 525. *Mullen* v. *Town of Newcastle, supra* is, therefore, overruled.

The judgment is reversed with directions to overrule the appellee's demurrer to the complaint and for further proceedings.

NOTE.—Reported in 41 N. E. (2d) 941.