Doris BRADSHAW, Administratrix of the
Estate of Lawrence L. Bradshaw,
Deceased,

v.

Isaac MOYERS, Jr.

No. IP 57–C–108.

United States District Court
S. D. Indiana,
Indianapolis Division.

July 9, 1957.

Coppinger & Xanders, Alton, Ill., and Frederick J. Frosch, Indianapolis, Ind., for plaintiff.

Hollowell & Hamill, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

The above entitled cause of action came before the Court upon the defendant's Motion To Dismiss and his Supplemental Motion To Dismiss.

Defendant originally moved to dismiss on two grounds, the first being a failure to allege necessary jurisdictional facts (citizenship and amount in con-

troversy). Thereafter Plaintiff filed an amended complaint, as permitted by Rule 15, Fed.Rules Civ.Proc. 28 U.S.C.A. To this the defendant filed his supplemental motion to dismiss setting out that the amended complaint superseded the original complaint and that the original complaint thereby went out of the case for all purposes; further, that the amended complaint contains no averments stating a cause of action, but seeks to adopt by reference paragraphs and sub-paragraphs in the original complaint, which cannot be done for the reason that the original complaint is no longer a part of the pleadings or record in this cause. This fact can have only metaphysical validity, if any, for under federal civil practice and procedure, the original complaint is still in the record. Defendant supports his argument by reference to an Indiana case and an Indiana pleading and practice work. Besides not being authority on a pleading point in the federal courts, it would not be persuasive or analogous, since Indiana follows Code pleading and the Federal Rules of Civil Procedure provide for notice pleading. Rule 10(c), F.R.C.P., is cited by the defendant, but to distinguish it. However, if anything, Rule 10(c) seems to the Court to authorize what the plaintiff has done. Therefore, as to the defendant's supplemental motion to dismiss, the Court concludes that it should be, and same is, hereby ordered overruled.

The primary problem for the Court is whether the defendant's second ground of his original motion to dismiss should be sustained; the question being whether an Illinois administratrix has the capacity to sue in a federal district court in Indiana on a wrongful death claim. The Court concludes she has.

■ The defendant argues that actions for wrongful death occurring in Indiana are conferred by Section 2–404, Burns' Indiana Statutes, 1946 Replacement; that by statute such action is brought by the personal representative, but in bringing the action he is not acting as administrator, but as a trustee for those entitled to damages. This, the

Court agrees, is the settled rule of law in Indiana. See Pettibone v. Moore, 1944, 223 Ind. 232, 59 N.E.2d 114, and cases cited therein.

■ Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 176, 74 L.Ed. 673, 676–677, is cited and quoted for a lengthy dictum that the federal courts will not permit tax collecting officials, administrators and executors to sue outside of the states in which they are appointed. But a careful reading of the Court's dictum in that case bears out a qualification to the broad import Defendant seems to attribute to it. That is, that such persons, acting solely under the authority of their domestic state, "are without authority, in their official capacity, *to sue as of right* in the federal courts in other states." [Emphasis added.] As can be seen from the lower Court's opinion, Moore v. Mitchell, 2 Cir., 30 F.2d 600, 65 A.L.R. 1354, and from the Supreme Court's opinion, the case merely reaffirmed and followed a long line of authorities standing for the universally recognized principle that in both federal and state courts, private international law forbids the enforcement by one sovereign of the revenue laws of another. Nothing therein holds that the state and federal courts of one state, will not permit persons acting under authority of a sister state, access to such courts, so long as the cause of action sought to be enforced does not run counter to the "settled public policy" of the state of the forum. To ascertain this, the substantive law of the forum must be consulted in each type of action brought.

Defendant concedes, "It is true that if Indiana gave jurisdiction for a foreign administrator to sue in Indiana there might be jurisdiction in the Federal District Court in Indiana. In 1881, by Section 74 of Chapter 45, a non-resident administrator was permitted to sue in an Indiana court. However, this relates to suit by him as administrator, not as an Indiana trustee to collect under the wrongful death statute for those entitled to damages." The Indiana Supreme Court has considered this very point, and

has upheld the right of such administrator to sue and recover for wrongful death, acting in the capacity of a trustee of the funds so recovered, for the benefit of those entitled to damages.

▇▇▇▇ In Memphis & Cincinnati Packet Co. v. Pikey, 1895, 142 Ind. 304, 40 N.E. 527, 529, the Court said:

"Appellant further urges that the court below had no jurisdiction of the subject-matter of this action, because appellee is not authorized to maintain an action for the death of her intestate under the laws of Missouri; that appellee is only accountable to the court that appointed her; that, when the money is paid to appellee, she takes it beyond the jurisdiction of the courts of this state, and within the jurisdiction of the probate court of Missouri, for distribution in accordance with the laws of that state. This question was fully considered, and decided adversely to appellant's contention, in Jeffersonville, M. & I. Railroad Co. v. Hendricks, 41 Ind. 48. It is settled law in this state that the statute upon which this action is brought was intended to provide a remedy not only for the citizens of this state, but for the citizens of other states while passing through or residing within this state, and that such action may be maintained by a foreign administrator. Jeffersonville, M. & I. Railroad Co. v. Hendricks, 41 Ind. 48. The fund, when recovered under this section of the statute, is held by the personal representative, whether domestic or foreign, as the trustee of an express trust. It must inure to the benefit of the widow and children, if any, and, if not, then to the next of kin. Jeffersonville, M. & I. Railroad Co. v. Hendricks, supra; Dennick v. Central Railroad Co., 103 U.S. 11, [26 L.Ed. 439]. It would be an unjust reflection upon the courts of Missouri to say that when money recovered in such an action as this came into the hands of an administratrix, charged with a trust of the most high and sacred character, they would not compel distribution as the law under which it was recovered directs."

Nor does the more recent statute, Section 7–418, Burns' Indiana Statutes, 1953 Replacement, on which Defendant relies, change the rule as laid down by the Court in Memphis & Cincinnati Packet Co. v. Pikey, supra. The language of the statute, which is a part of the newly enacted Indiana Probate Code, is wholly permissive; it merely confers jurisdiction on certain courts in Indiana to appoint an administrator for the estate of a non-resident for the sole purpose of bringing a wrongful death action to recover damages for the wrongful death of such non-resident. The statute does not prohibit foreign administrators from bringing a wrongful death action in the courts of Indiana. Neither, it may be said, does the Indiana Wrongful Death Act as amended, Section 2–404, Burns' Indiana Statutes, 1946 Replacement, prohibit the foreign administrator from bringing the action. Where, as in this state, the funds recovered inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, there is no requirement for a local administrator because local creditors do not share in the recovery. If Indiana followed the rule as adopted in some states, that is, that the proceeds of the recovery for wrongful death inured to the decedent's general estate, then Defendant's argument would have merit, for under such rule there would be need of protection for local creditors. But since such is not the rule in Indiana, the defendant's original motion to dismiss is not well taken and therefore should be overruled.

It is so ordered.