DRAKE INSURANCE COMPANY OF NEW YORK, Appellant (Plaintiff Below),

v.

CARROLL COUNTY SHERIFF'S DE-PARTMENT: Carroll County: Board of Commissioners of Carroll County: Dale McCurdy, individually and as agent of Carroll County; and Nancy Walters, individually and as agent of Carroll County, Appellees (Defendants Below).

No. 2–1180A393.

Court of Appeals of Indiana, Second District.

Nov. 18, 1981.

Jerome L. Withered, Dickson, Reiling & Teder, Lafayette, for appellant.

Barry T. Emerson, Ives, Ives & Emerson, Delphi, for appellees.

SULLIVAN, Judge.

This is a declaratory judgment action initiated by Drake Insurance Company of New York (Drake) to determine its obligation under a professional liability policy issued to the Carroll County Sheriff's Department (Insured). The policy provides in part:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A—Personal Injury
Coverage B—Bodily Injury

to which this policy applies, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury or bodily injury, . . . .

\* \* \* \* \* \*

This policy does not apply:

\* \* \* \* \* \*

(f) to bodily injury to any person occurring while such person is in the custody of the insured or any municipal, state or federal authority."

On January 17, 1978, George Maxwell was taken into custody by agents of the insured. The following day, while still in custody, Maxwell allegedly committed suicide. Shortly thereafter Sandy Maxwell, George Maxwell's widow and administratrix of his estate, filed a wrongful death action alleging negligence in the incarceration and care of her deceased husband.

In this action Drake contended that Mrs. Maxwell's claim fell within the terms of exclusion "(f)" quoted above. After examining documentary evidence and hearing Mrs. Maxwell's testimony the trial court concluded that:

"[T]he claim made in [Mrs. Maxwell's] lawsuit . . . is not within the terms of such exclusion but is in essence a claim for damages by the widow and children for loss of services of the decedent, George C. Maxwell, resulting from the defendants' alleged negligent acts in causing death of the decedent, and that the subject matter of such suit is the assertion of the violation of a property right, falling within the terms of "Coverage A—Personal Injury" of the insurance policy, and that the plaintiff is thereby obligated under the terms of such policy to defend the lawsuit and pay any judgment for damages that might arise therefrom."

The issues are whether the trial court erred in holding that Mrs. Maxwell's action

fell within the scope of "Coverage A—Personal Injury" rather than the scope of exclusion "(f)" and whether if liable under the policy Drake is obligated to pay all damages which might be recovered. We affirm in part and reverse in part.

■ An insurer's duty to defend claims against the insured is contractual, i.e., as specified in the contract of insurance. *American States Insurance Co. v. Aetna Life & Casualty Co.* (3d Dist. 1978) Ind. App., 379 N.E.2d 510, 517; *All-Star Insurance Corp. v. Steel Bar, Inc.* (N.D.Ind.1971), 324 F.Supp. 160, 163. While an ambiguous insurance contract is construed in the insured's favor, an unambiguous policy must be enforced according to its terms. *Cincinnati Insurance Co. v. Mallon* (2d Dist. 1980) Ind.App., 409 N.E.2d 1100, 1103; *American States Insurance Co. v. Aetna Life & Casualty Co., supra*, 379 N.E.2d at 516.

Here, the terms of the insurance policy are clear and unambiguous. Exclusion "(f)" pertains to "bodily injury to any person occurring while such person is in the custody of the insured . . . ." Bodily injury is defined as "sickness or disease sustained by any person accidently [sic], caused by any act of the insured in making or at-

tempting to make an arrest while acting within the scope of his duties . . . ."

■ Maxwell's death did not occur while he was being arrested. He died one day after the arrest and while incarcerated. It is clear, therefore, that the "bodily injury" exclusion was not applicable.

Under the terms of the policy, personal injury means:

"false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, *violation of property rights* and, if committed while making or attempting arrest or while resisting an overt attempt to escape by a person under arrest before such person has been or could have been brought before a magistrate or a like official authorized to hold a preliminary hearing, assault and battery, provided that no act shall be deemed to be or result in personal injury unless committed in the regular course of duty by the insured." (emphasis supplied).

■ The trial court ruled that Mrs. Maxwell's claim for relief asserted a violation of property rights. We must agree with this determination. Indiana's Wrongful Death Act, I.C. 34–1–1–2 (Burns Code Ed. 1973),[1]

---

1. "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two [2] years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this act, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to

be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to the undertaker for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such fu-

provides a right to sue for those suffering a pecuniary loss as a result of the decedent's death by another's wrongful act or omission. The right to sue emanates from the tortious act causing death, rather than from the person of the deceased. *In re Estate of Pickens* (1970) 255 Ind. 119, 263 N.E.2d 151, 156. Mrs. Maxwell's claim for pecuniary damages is thus based on the injury *she* suffered by virtue of the insured's alleged negligence in caring for her husband, rather than on any injury her husband suffered directly.

 When previously examined by our Courts, an action for recovery of pecuniary loss such as that sustained by Mrs. Maxwell has been termed an action for injury to a property interest. *Thompson v. Town of Fort Branch* (1931) 204 Ind. 152, 178 N.E. 440 (action by a parent to recover value of minor child's lost services); *Hahn v. Moore* (1956) 127 Ind.App. 149, 133 N.E.2d 900 (same); *see Graf v. City Transit Co.* (1942) 220 Ind. 249, 41 N.E.2d 941 (husband's action for pecuniary loss sustained as a result of the negligent injury of his wife was action for injury to property within context of statute of limitations); *Merritt v. Economy Department Store* (1955) 125 Ind.App. 560, 128 N.E.2d 279. *See also Rush v. Leiter* (1971) 149 Ind.App. 274, 271 N.E.2d 505, 508.[2] In light of this precedent and considering the nature of a wrongful death action, the trial court correctly determined that Mrs. Maxwell's claim, at least in part, was for injury to a property interest, rather than an action for "bodily injury" suffered by her husband. Drake therefore has the duty to defend its insured against Mrs. Maxwell's negligence action.

 Despite Drake's duty to defend we are convinced the trial court erred in finding it liable for all amounts that might be awarded on Mrs. Maxwell's complaint. The Wrongful Death Act provides that damages "recovered for reasonable medical, hospital, funeral and burial expenses shall inure to the exclusive benefit of the decedent's es-

tate for the payment thereof." *See* note 1, *supra.*

Her complaint would permit recovery not only for her personal pecuniary loss, but as well for those last expenses which inure solely to the benefit of her husband's estate and are therefore not recognizable as compensation for injuries to *her* property interest. Thus, although Drake must defend the action it is not liable for all damages which may be awarded. If, in the final analysis, the insured is held liable for Maxwell's death, Drake is liable only for those damages within the coverage, i.e., those attributable to the injury to Mrs. Maxwell's property interest. Drake is not responsible under the coverage for any amounts recoverable against the insured for medical, hospital, funeral and burial expenses.

Accordingly we affirm in part and reverse in part and remand with instructions to modify the judgment in accordance herewith.

BUCHANAN, C. J., and SHIELDS, J., concur.

---

neral expenses, and such costs and expenses of administration, including attorney fees."

**2.** Although Drake attempts to distinguish these cases on their facts, the general principle that

an action for pecuniary loss is essentially an action for injury to a property right remained constant in each factual setting.