**Paul BLUSY, M.D., J.S. Pitsenberger, M.D., Professional Emergency Physicians, Inc., Phillip D. Godsey, M.D., Fort Wayne Radiology Associates, J. Wagoner, R.N., S. Thompson, R.M. and Parkview Memorial Hospital, Appellants (Defendants/Petitioners Below),**

v.

**Wayne D. RUGH, Mary-Christina R. Brown and Christina Michelle Brown, Appellees (Plaintiffs/Respondents Below).**

No. 3–584A145.

Court of Appeals of Indiana, Third District.

April 15, 1985.

John M. Clifton, Jr., Ronald J. Ehinger, Barrett, Barrett & McNagny, Fort Wayne, for appellants.

Stanley L. Rosenblatt, Tourkow, Danehy, Crell & Rosenblatt, Fort Wayne, for appellees.

GARRARD, Judge.

On July 20, 1981 Paul N. Brown, a resident of Ohio, was injured while unloading a truck in Fort Wayne, Indiana. He was treated and released from the Parkview Memorial Hospital emergency room later that day and was found dead in a local motel room the following day. On July 29, 1981 Wayne D. Rugh was appointed fiduciary of Brown's estate in the Probate Court of Franklin County, Ohio.

After filing a proposed complaint with the Insurance Commissioner of Indiana on April 14, 1983 Rugh, Mary-Christina R. Brown, the deceased's widow, and Christina Michelle Brown, the deceased's child, brought this cause of action on July 19, 1983 in Allen Superior Court. The defendants Paul Blusy, M.D., J.D. Pitsenberger, M.D., Professional Physicians, Inc., Phillip D. Godsey, M.D., Fort Wayne Radiology Associates, J. Wagoner, R.N., S. Thompson, R.N. and Parkview Memorial Hospital (medical personnel), were granted summary judgment on January 6, 1984. The trial court granted the plaintiffs' motion to correct errors and reversed the grant of summary judgment on May 14, 1984. This appeal was subsequently perfected.

The sole issue before us is whether any of the plaintiffs had the capacity to maintain an action for wrongful death under IC 34–1–1–2.

■ The medical personnel correctly assert that the widow and child cannot maintain an action for wrongful death because IC 34–1–1–2 grants that right only to a person designated as the deceased's personal representative within two years after the deceased's death. *Warrick Hospital, Inc. v. Wallace* (1982), Ind.App., 435 N.E.2d 263.

The medical personnel also maintain that a foreign personal representative, i.e. one appointed in another state, but not in Indiana, lacks the capacity to bring a wrongful death action without complying with IC 29–1–10–18. Specifically they argue the following: That while four cases[1] have held that a foreign personal representative had the capacity to sue in Indiana, they all rely, directly or indirectly, on *Jeffersonville Railroad Co. v. Hendricks' Administrator* (1866), 26 Ind. 228. *Jeffersonville Railroad* relied on statutes which were identical to new laws enacted in Acts 1881 (Spec. Sess.) Ch. 45, Section 74[2] which allowed

---

1. *Bradshaw v. Moyers* (S.D.Ind.1957), 152 F.Supp. 249; *Memphis and Cincinnati Packet Co. v. Pikey* (1895), 142 Ind. 304, 40 N.E. 527; *Jeffersonville, Madison and Indianapolis R.R. Co. v. Hendricks* (1872), 41 Ind. 48; *Jeffersonville Railroad Co. v. Hendricks' Administrator* (1866), 26 Ind. 228.

2. "A nonresident executor or administrator, duly appointed in any other state or country, may commence and prosecute any suit in any court of this state, in his capacity of executor or administrator, in like manner and under like restrictions as a resident; and a copy of his letters, duly authenticated in like manner as provided in this act, being produced and filed in

foreign executors or administrators to bring actions in this state. The statute, recodified at IC Ann. Sec. 29–2–1–5 (Burns 1974), remained in the law in Indiana until changed in 1975 when IC 29–2–1–5 and –6 were enacted as follows:

"IC 29–2–1–5. If no local administration or application or petition therefore is pending in this state, a domiciliary foreign personal representative may file with a court in this state in a county in which property belonging to the decedent is located, authenticated copies of his appointment and of any official bond he has given.

IC 29–2–1–6. A domiciliary foreign personal representative who has complied with section 5 may exercise as to assets in this state all powers of a local personal representative and may maintain actions and proceedings in this state subject to any conditions imposed upon nonresident parties generally."

Because a wrongful death action is not an asset of the decedent's estate, *Drake Insurance Co. v. Carroll County Sheriff's Dept.* (1981), Ind.App. 427 N.E.2d 1153 and Rugh did not comply with the statutes in any case, the medical personnel argue that the sole statutory authority for a foreign personal representative to bring a wrongful death action in Indiana is provided in IC 29–1–10–18. It states:

"Any court having probate jurisdiction in the State of Indiana may appoint an administrator for the estate of a nonresident for the sole purpose of bringing an action to recover damages for the wrongful death of such nonresident. The appointment may be made in the county in which the death occurred; or in the county in which the injury causing the death was received; or in the county in which any party defendant to the suit resides. The appointment shall in no way depend upon whether or not the decedent left assets."

the court in which such suit is brought, shall be sufficient evidence of his due appointment; Provided, That he shall give bond for costs under

The medical personnel admit this statute was deemed to be permissible by *Bradshaw v. Moyers* (S.D.Ind.1957), 152 F.Supp. 249. However, they argue this was true when the pre-1975 version of IC 29–2–1–5 was in force. Consequently they maintain that with the 1975 change in IC 29–2–1–5, the sole statutory authority for a foreign personal representative of a deceased who dies with no assets in Indiana to maintain a wrongful death action is IC 29–1–10–18 with which Rugh did not comply.

The medical personnel's argument fails because it misapprehends relevant authority. *Bradshaw, supra* relied upon Indiana Supreme Court cases which hold that a foreign administrator has the capacity to sue in a wrongful death action based on the wrongful death statute, not on previous versions of IC 29–2–1–5. The district court, quoting from *Memphis & Cincinnati Packet Co. v. Pikey* (1895), 142 Ind. 304, 40 N.E. 527 said at 251:

"It is settled law in this state that the statute upon which this action is brought was intended to provide a remedy not only for the citizens of this state, but for the citizens of other states while passing through or residing within this state, and that such action may be maintained by a foreign administrator. *Jeffersonville, M. & I. Railroad Co. v. Hendricks,* 41 Ind. 48."

The "statute upon which this action is brought" was the wrongful death statute then in effect. In addition, the district court held that Section 7–418 (Burns Ind. Stat.1953) (now IC 29–1–10–18) was permissive and did not prohibit foreign administrators from bringing wrongful death actions in Indiana courts. The rationale was that "[w]here, as in this state, the funds recovered inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, there is no requirement for a local administrator because local creditors do not share in the recovery."

the laws regulating the maintaining of suits by nonresident citizens."

*Bradshaw* at 251. The reasoning is equally applicable here.

The 1975 change in IC 29–2–1–5 and –6 did not change the law in Indiana that IC 29–1–10–18 is permissive and that a foreign personal representative may bring a wrongful death action in Indiana within two years of the deceased's death without the necessity of appointment as personal representative in Indiana.

The trial court's grant of the motion to correct errors and its reversal of the January 6, 1984 grant of summary judgment is affirmed.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.