482 N.E.2d 280 (1985)
COMMUNITY HOSPITAL OF ANDERSON AND MADISON COUNTY, St. Vincent Hospital, William J. Tierney, M.D., William J. Tierney Medical Corporation, John Doe, M.D.  a John Doe, M.D.  B, Defendants-Appellants,
v.
Lucille McKnight, Shane Keith McKnight, Plaintiffs-Appellees.
No. 1-285A29.
Court of Appeals of Indiana, First District.
August 28, 1985.
Rehearing Denied October 1, 1985.
Mary H. Watts, John P. Price, Bingham, Summers, Welsh & Spilman, Indianapolis, for William J. Tierney, M.D., William J. Tierney Medical Corp.
Myra C. Selby, Ice, Miller, Donadio & Ryan, Indianapolis, for Community Hosp. of Anderson and Madison County, and St. Vincent Hosp.
Melvin A. Richards, Bruce A. Boje, Richards, Adams, Boje & Pickering, Noblesville, for plaintiffs-appellees.

STATEMENT OF THE CASE
NEAL, Judge.
Appellants-defendants, Community Hospital of Anderson and Madison County; St. Vincent Hospital; William J. Tierney, M.D.; William J. Tierney Medical Corporation; John Doe, M.D.-A.; and John Doe, M.D.-B; (Health Care Providers) appeal the judgment of the Boone Circuit Court denying their motions for summary judgment in a suit for medical malpractice brought by Lucille McKnight and Shane Keith McKnight (McKnights).
We reverse.

STATEMENT OF THE FACTS
The undisputed facts necessary for this opinion reveal that Donald O. McKnight (decedent) was provided health care by Health Care Providers, and thereafter died on September 9, 1981. Lucille McKnight, widow, and Shane Keith McKnight, son, filed their suit on September 6, 1983 for medical malpractice against Health Care Providers. No estate has been opened, nor has any personal representative ever been appointed. The only probate proceedings which have occurred are the probate of decedent's will, and an order of no administration entered in December of 1981, wherein it stated that no letters of administration need issue. There was no pretense that the suit was filed by McKnights in any other capacity than as individuals.
Health Care Providers filed their motions for summary judgment on January 24, 1984, properly supported by the above stated *281 evidentiary facts. Such motions were denied, leading to the perfection of this interlocutory appeal.

ISSUE
The issue presented for review in this appeal is whether the trial court erred in denying defendants' motions for summary judgment where neither plaintiffs nor any other person or entity has been appointed as a personal representative authorized to bring the wrongful death claim pursuant to IND. CODE 34-1-1-2 within the period of the applicable statute of limitation.

DISCUSSION AND DECISION
This question was decided adversely to McKnights on nearly identical facts in the case of Warrick Hospital, Inc. v. Wallace, (1982) Ind. App., (1st Dist.) 435 N.E.2d 263 (Robertson, J., dissenting) (transfer denied December 3, 1982). The facts in Wallace were as follows:
"Clarence Wallace was admitted to the Hospital on April 11, 1978, and was treated there until he died on April 23, 1978, allegedly as the result of the medical malpractice of the Hospital and treating physicians. Mary E. Wallace, his widow, filed this action for wrongful death and loss of consortium on April 14, 1980, purportedly both individually and as administratrix of Clarence's estate. However, Mary did not apply for appointment as administratrix, and was not so appointed, until April 21, 1981."
Id. at 265.
After an exhaustive review by Judge Ratliff of wrongful death authorities including IND. CODE 16-9.5-1-1 et seq. (Medical Malpractice Act), and IND. CODE 34-1-1-2, the majority opinion concluded:
"We hereby hold that the right to prosecute a claim for wrongful death based upon medical malpractice is governed by the wrongful death statute with regard to the parties eligible to institute such proceeding, the persons for whose benefit recovery may be had, and the manner of distribution of such proceeds. We also hold that such a plaintiff must meet and comply with all conditions precedent necessary to bring such an action, specifically including being duly appointed as the patient's personal representative within two years of the date of death. We further hold that the procedural requirements of the Medical Malpractice Act, the filing of the proposed complaint and submission to the medical review panel, must be met if the defendant is a qualified health care provider under that act. Finally, we hold that the limitations on the amount of recovery in the Medical Malpractice Act apply to such a claim."
Id. at 268.
This case was followed in Blusy v. Rugh, (1985) Ind. App., (3rd Dist.) 476 N.E.2d 874. Though turning on other matters, Blusy, supra, held that a medical malpractice suit for wrongful death could not be maintained by a widow and child. Id. at 875.
McKnights do not deny the authority of Wallace, supra, but argue that it was erroneous. They rely on the dissent and pursue other avenues of statutory construction, as well. As summarized in the majority opinion, the dissent maintained:
"The dissent seeks to distinguish [General Motors Corp. v.] Arnett [(1981) Ind. App., 418 N.E.2d 546] on the ground it does not involve medical malpractice, arguing that the Indiana Medical Malpractice Act (IND. CODE 16-9.5-1-1 et seq.) created a new cause of action for wrongful death independent of IC 34-1-1-2, where the alleged cause is medical malpractice and the definition of the term `representative' in IC 16-9.5-1-1(f) granted the wife a right to bring such an action without having been duly appointed as personal representative within the two year period. Wallace argues that the provision in the Medical Malpractice Act tolling the running of the statute of limitations during the pendency of the proceedings before the medical review panel operates to extend the time for appointment of a personal representative... ." (Footnote omitted).
Id. at 266.
The arguments raised in the case at bar were raised and set at rest in Wallace, *282 supra. Likewise, the adverse arguments were raised and discussed in full in the dissent. There is no necessity here of repeating them, and the reader is referred to Wallace for further edification.
We are likewise unpersuaded by the argument that an order of no administration can in some way be a substitute for the appointment of a personal representative. As set forth in Wallace, the purposes are different.
For all of the above reasons this cause is reversed, and the trial court is ordered to grant Health Care Providers' various motions for summary judgment.
Judgment reversed.
RATLIFF, P.J., concurs.
ROBERTSON, J., dissents with opinion.
ROBERTSON, Judge, dissenting.
I respectfully dissent for the same reasons stated in the dissent to Warrick Hospital, Inc. v. Wallace, (1982) Ind. App., 435 N.E.2d at 271.