**STATE of Indiana, Appellant–Defendant,**

v.

**Deborah G. GUZIAR, Appellee–Plaintiff.**

No. 45A03–9609–CV–324.

Court of Appeals of Indiana.

June 13, 1997.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellant–Defendant.

Timothy O. Malloy, Schreiner & Malloy, P.C., Schererville, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

In this interlocutory appeal, the State of Indiana appeals the trial court's denial of its motion to dismiss. On appeal, the State presents the following issue: Whether the appropriate statute of limitations for a claim for injury to or the wrongful death of a child is two years.

We reverse.

Crystal Guziar was killed in an automobile accident which occurred on April 25, 1993. At the time of her death, Crystal was sixteen years old. A complaint was filed on June 23, 1993, by Crystal's estate against Christine Unger, the driver of the other car, and Farmers Insurance Group. In addition, Deborah Guziar, the administrator of Crystal's estate, served a notice of claim upon the State. After investigation, the State informed Guziar in December 1993, that it would not settle any claims regarding the accident.

The State was not made a defendant in the wrongful death action until Guziar filed an amended complaint on February 27, 1996. The State subsequently filed a motion to dismiss for failure to state a claim because the claim was barred by the applicable statute of limitations. The trial court denied the motion to dismiss after finding that the applicable statute of limitations was six years. This decision was certified for interlocutory appeal.

■ In determining whether a complaint should be dismissed for failure to state a claim, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could a plaintiff be granted relief. *Bentz Metal Prod. Co., Inc. v. Stephans*, 657 N.E.2d 1245, 1247 (Ind.Ct.App.1995).

■ A parent can recover for the wrongful death of or injury to his child pursuant to IND.CODE § 34-1-1-8 (Supp.1992). Because this is a separate and distinct section from the general wrongful death statute,[1] the provisions of the wrongful death statute, such as the limitations on damages and the two year limitation on claims, do not apply. *Andis v. Hawkins*, 489 N.E.2d 78, 82 (Ind.Ct.App. 1986), *reh. denied, trans. denied; Hahn v. Moore*, 127 Ind.App. 149, 133 N.E.2d 900, 904 (1956), *reh. denied*, 127 Ind.App. 149, 134 N.E.2d 705. Instead, we must determine the nature of the cause of action and look to the general statutes of limitations to find the appropriate limitations period.

Guziar argues that because an action for wrongful death involves a pecuniary interest, it is a claim for injury to property and a six year statute of limitations applies. In support of her argument, she cites *Hahn*, 133 N.E.2d at 903, which held that because the interest being protected was a property interest, IND.CODE ANN. § 2-601 (Burns 1946) applied. IC 2-601 provided for a six year statute of limitations for injuries to property.[2] However, in 1951, which was subsequent to the accrual of the cause of action in *Hahn*, but prior to the decision, the statutes concerning limitation periods were amended. Claims regarding injuries to property were no longer grouped together under one six year limitation period. Instead, only injuries to property other than personal property fell within the six year limitations period. *See* IND.CODE ANN. § 2-601 (Burns Supp.1966). Claims for injuries to personal property fell under IND.CODE ANN. § 2-602 (Burns Supp. 1966) which provided for a two year limitations period. This grouping still exists today. *See* IND.CODE § 34-1-2-1 (1993) (six year statute of limitations for claims involving injury to property other than personal property) and IND.CODE § 34-1-2-2 (1993) (two year statute of limitations for claims involving injuries to personal property). La-

---

1. IND.CODE § 34-1-1-2 (1988).

2. IC 2-601 provided:

   The following actions shall be commenced within six [6] years after the cause of action has accrued, and not afterward:

   *       *       *       *       *       *

   Third. For injuries to property, damages for any detention thereof, and for recovering possession of personal property.

   *       *       *       *       *       *

ter cases which relied upon *Hahn* simply quoted the language without recognizing the change in the statute. *See, e.g., Siebeking v. Ford,* 128 Ind.App. 475, 148 N.E.2d 194, 207 (1958), *reh. denied; New York Central RR Co. v. Sarich,* 133 Ind.App. 516, 180 N.E.2d 388, 399 (1962), *reh. denied, trans. denied.* In part, this was due to the fact that the appropriate statute of limitations was not directly at issue in these cases.

Since *Hahn,* only two cases have dealt with the issue of the limitations period applicable to causes of action under IC 34–1–1–8. Neither of these cases rely upon *Hahn* nor are they helpful in determining the exact nature of the cause of action. In *Childs v. Rayburn,* 169 Ind.App. 147, 346 N.E.2d 655 (1976), *trans. denied,* the court held that a two year statute of limitations was applicable to an action by a parent for the death of a child. *Id.* 346 N.E.2d at 660. However, *Childs* does not contain any rationale concerning the nature of the interest being protected nor did it specify which portion of IC 34–1–2–2 applied. *Id.*

Next, in *King v. King,* 610 N.E.2d 259 (Ind.Ct.App.1993), *reh. denied, trans. denied,* the court also applied a two year statute of limitations to a claim by a parent. However, in support of the two year limitation period, *King* cited IC 34–1–1–2, the general wrongful death statute. *Id.* at 263. As noted above, the provisions of the general wrongful death

statute have been held not to be applicable to claims by parents. Thus, *King* is incorrect.

■ In the general sense, personal property is all types of property other than real estate. BLACK'S LAW DICTIONARY 1217 (6th Ed.1990). Our courts have long held that the loss suffered by a parent under IC 34–1–1–8 is in the nature of a property right. *Graf v. City Transit Co.,* 220 Ind. 249, 41 N.E.2d 941, 941 (Ind.1942); *Hahn,* 133 N.E.2d at 903. These claims for loss of services are injuries to personal property and, thus, are governed by IC 34–1–2–2 which provides for a two year limitation period. *Merritt v. Economy Department Store,* 125 Ind.App. 560, 128 N.E.2d 279, 280 (1955).

■ Here, Crystal's death occurred on April 25, 1993. Guziar's amended complaint adding the State as a defendant was filed on February 27, 1996. This is well after the two year limitation period applicable to this type of claim.[3] Accordingly, we conclude that the trial court erred in denying the State's motion to dismiss.

Reversed.

SHARPNACK, C.J., and GARRARD, J., concur.

---

**3.** Guziar also argues that even if a two year statute of limitations applied, the amended complaint should relate back to the date the original complaint was filed. Ind. Trial R. 15(C). However, for an amendment adding a party to relate back to the original complaint, the plaintiff must show that the party "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Id.* Guziar spends a great deal of time arguing that the State had notice of

the action and would not be prejudiced by the amendment. However, Guziar has not shown that any mistake concerning the identity of the proper party was made. Instead, Guziar was well aware of the identity of the State as a potential defendant as is shown by her notice of tort claim. She simply failed to name the State as a defendant. Thus, because no mistake of identity existed, the amendment does not relate back to the date of the filing of the original complaint. *Id.*