# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 30 2017, 5:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE
THE SUPERVISED ESTATE OF
KERI L. WINNINGHAM

Julia Blackwell Gelinas
Jeffrey S. Dible
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEY FOR INTERESTED
PARTY APPELLEE ESTATE OF
LEIGH ANN SCHATTNER

Mark Alan Bennett
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donnie Wayne Winningham, Kelly Annette Winningham, and Kristy Milburn, | August 30, 2017 |
| *Appellants-Beneficiaries* | Court of Appeals Case No. 48A04-1606-ES-1508 |
| v. | Appeal from the Madison Circuit Court |
| The Supervised Estate of Keri L. Winningham and Interested | The Honorable Mark K. Dudley, Judge |
| | The Honorable Jason A. Childers, Master Commissioner |

| Party Estate of Leigh Ann Schattner | Trial Court Cause No. 48C06-1507-ES-302 |
| --- | --- |
| *Appellees-Petitioner/Interested Party* | |

**Baker, Judge.**

[1] Donnie Winningham, Kelly Winningham, and Kristy Milburn (collectively, the Appellants) bring this interlocutory appeal of the trial court's order that the proceeds from two wrongful death claims be distributed to the beneficiaries designated under the Adult Wrongful Death Act,[1] rather than the beneficiaries designated under the intestate succession statute.[2] We affirm and remand for further proceedings.

[2] The Appellants are the half-siblings of Keri Winningham.[3] On September 27, 2014, Winningham was walking in Anderson when she was struck by a vehicle driven by one person and then run over by a vehicle driven by another person;

---

[1] Ind. Code § 34-23-1-2.

[2] Ind. Code § 29-1-2-1.

[3] The interested party, Leigh Ann Schattner, was Winningham's mother. Schattner passed away after Winningham's death but before the trial court authorized the distribution of Winningham's assets.

she died as a result. At the time of her death, Winningham was a twenty-six-year-old unmarried adult who did not have a will.

[3] Lori Rumreich, Winningham's aunt, opened a supervised estate for Winningham and was appointed personal representative. As personal representative, Rumreich brought wrongful death claims against two insurance companies. Both companies agreed to settle the claims.

[4] In her petition to open the estate, Rumreich listed the proceeds from the wrongful death claims as assets of the probate estate subject to distribution to the intestate beneficiaries. Sometime after receiving the trial court's authorization to distribute those proceeds through intestate succession, but before the distribution actually took place, Rumreich became aware of the possibility that the proceeds were not assets of the probate estate and should not have been included in the assets to be distributed through intestate succession.

[5] Rumreich filed a motion to stay the trial court's order authorizing distribution of the proceeds from the wrongful death claims through intestate succession and requested that the trial court provide instructions on which statute should govern the distribution of the proceeds. The trial court stayed its prior order. On May 6, 2016, a hearing took place, and on May 24, 2016, the trial court entered an order providing that the proceeds from the wrongful death claims were to be distributed to the beneficiaries designated under the wrongful death statute. The Appellants now appeal.

[6] A probate estate includes the property transferred at the death of a decedent under the decedent's will or under Indiana's statute for an intestate decedent. I.C. § 29-1-1-3(a)(24). Our Court has long held the view that wrongful death proceeds are not included in the probate estate and therefore are not distributed under our intestate statute. Specifically, our Court has noted "that funds collected as a result of any wrongful death action beyond reasonable medical, hospital, funeral and burial expense are not an asset of the decedent's estate. They inure to the exclusive benefit of" the statutory beneficiaries. *In re Estate of Hutman*, 705 N.E.2d 1060, 1064 n.1 (Ind. Ct. App. 1999) (internal quotation marks and citation omitted); *see also, e.g., Blusy v. Rugh*, 476 N.E.2d 874, 876 (Ind. Ct. App. 1985) ("a wrongful death action is not an asset of the decedent's estate"). In other words, the trial court did not err by ordering that the proceeds from the wrongful death claims be distributed pursuant to the adult wrongful death statute.

[7] The Appellants also contend that the proceeds from the wrongful death claims should not be distributed under the Adult Wrongful Death Act because it has not been established that Winningham's mother meets the statutory requirements. Specifically, the Appellants point to the requirement that a "parent or child who wishes to recover damages under this section has the burden of proving that the parent or child had a genuine, substantial, and ongoing relationship with the adult person before the parent or child may recover damages." I.C. § 34-23-1-2(f). This argument is premature. The trial court did not order that the proceeds be distributed to any specific person;

rather, the trial court ordered that the proceeds be distributed pursuant to the adult wrongful death statute. Appellant's App. Vol. II p. 79. We therefore remand so that the trial court can determine who is entitled to the proceeds.

[8] The judgment of the trial court is affirmed and remanded for further proceedings.

Mathias, J., and Pyle, J., concur.