



FILED

Feb 20 2025, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Latoya Alexander, individually and as Administrator of the
Estate of Terrence A. Simmons, Deceased; Lakasha Thornton;
and Shanika Harris,

*Appellants-Plaintiffs*

v.

Alexandria P. Frakine, Travis Baringer, and Francis N. Moya,

*Appellees-Defendants*

---

February 20, 2025

Court of Appeals Case No.
24A-CT-1806

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-2401-CT-520

---

**Vaidik, Judge.**

## Case Summary

[1] Indiana Code section 29-1-10-18 provides that when a wrongful act or omission in Indiana causes the death of a nonresident, a probate court "may" appoint an administrator for the decedent's estate for the sole purpose of bringing a wrongful-death action. Since the statute is permissive, not mandatory, we have held that if a personal representative has been appointed in another state, that foreign personal representative can bring a wrongful-death action in Indiana without being separately appointed here. *Blusy v. Rugh*, 476 N.E.2d 874 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*. The issue presented in this case is whether a foreign personal representative can file a wrongful-death action here if an Indiana probate court has already appointed a different administrator for that purpose under Section 29-1-10-18. We hold the answer is no.

## Facts and Procedural History

[2] Terrence Simmons ("Decedent"), a resident of Georgia, died in January 2023 after a car accident in Indianapolis. The same month, Decedent's adult daughter who lives in Indianapolis, Terika Jackson ("Daughter"), petitioned the Marion County probate court to appoint her personal representative of his estate for the sole purpose of bringing a wrongful-death action against other

drivers involved in the accident. *See* Cause No. 49D08-2301-EU-1855. Notice was given to three women who are mothers of minor children fathered by Decedent—Latoya Alexander and Shanika Harris, who live in Georgia, and Lakasha Thornton, who lives in Missouri ("Mothers").[1] Mothers objected to Daughter's petition and asked that they be appointed as co-personal representatives. They noted that, under Indiana's wrongful-death statute, Decedent's minor children (his "dependent children") would be beneficiaries of any damages but his nondependent children, including Daughter, would not. *See* Ind. Code § 34-23-1-1. The probate court overruled Mothers' objection and appointed Daughter the sole personal representative of the wrongful-death estate, finding that she has an interest in maximizing the proceeds of any suit or settlement.

[3] In the months that followed, one of the mothers, Alexander, opened an estate case in Georgia, and a Georgia court appointed her as the administrator. Citing those developments, Mothers asked the Marion County probate court to set aside its appointment of Daughter. The probate court denied Mothers' request. But the next day, Mothers filed this wrongful-death action in Marion Superior Court, citing Alexander's appointment by the Georgia court. A week later, Daughter filed her own wrongful-death action in a different Marion Superior

---

[1] Thornton's first name is also shown as "Lakisha" or "LaKisha" at various points in the record. We use "Lakasha" to be consistent with the trial-court caption and the appellate caption.

Court, citing her appointment by the Marion County probate court. *See* Cause No. 49D05-2401-CT-1231.

[4] With the dueling wrongful-death actions pending, Mothers filed a notice of appeal of the Marion County probate court's order confirming Daughter as personal representative. *See* No. 24A-EU-304. In her appellee's brief, Daughter argued, in part, that the appeal was untimely and should be dismissed because Mothers had filed their notice of appeal more than thirty days after the probate court's order.

[5] The same day Daughter filed her appellee's brief in that appeal, she moved to substitute herself as the plaintiff in this wrongful-death action filed by Mothers. She noted that the Marion County probate court had appointed her as personal representative for purposes of pursuing a wrongful-death action and had rejected Mothers' challenges to the appointment. She argued that she "is the only properly appointed personal representative of the Wrongful Death Estate of [Decedent], and thus had the sole authority to pursue a civil case on behalf of the estate." Appellants' App. Vol. II p. 9. The trial court stayed the matter pending the outcome of the appeal in the estate case.

[6] A month later, this Court issued an order dismissing that appeal as untimely, leaving in place the Marion County probate court's appointment of Daughter. Daughter immediately renewed her motion in this case to be substituted as the plaintiff. Rather than substituting Daughter as plaintiff, the trial court dismissed

the case, since Daughter had already filed her own wrongful-death action as personal representative.

[7] Mothers now appeal. Because Daughter was never made a party to this action in the trial court, she isn't formally a party to this appeal, but she has filed an amicus brief in support of the trial court's decision.

## Discussion and Decision

[8] Mothers' primary argument on appeal is as follows: (1) because Decedent was domiciled in Georgia at the time of his death, Georgia maintains "original, exclusive, and general jurisdiction" over his estate; (2) because Georgia has jurisdiction, Indiana must give "full faith and credit" to the Georgia court's order appointing Alexander as personal representative; (3) because Indiana must give full faith and credit to the Georgia order, the Marion County probate court "did not have the jurisdiction to appoint an administrator to [Decedent's] estate"; and (4) because the Marion County probate court didn't have jurisdiction to appoint an administrator, its appointment of Daughter is invalid and Mothers are proper plaintiffs in the wrongful-death action. Appellants' Br. pp. 15-27. This is clearly an attempt by Mothers to revive their untimely appeal of the Marion County probate court's orders. In fact, Mothers' arguments about jurisdiction and full faith and credit are largely copied and pasted from their lead argument in the estate appeal. *See* Appellant's Br. pp. 16-27, No. 24A-EU-304 (Mar. 19, 2024). If Mothers disagreed with our dismissal in that appeal, they should have petitioned for rehearing by this Court or for transfer to our

Supreme Court. They did neither. The time for appealing the Marion County probate court's orders has passed, so we will not consider Mothers' arguments on the issue.

[9] That said, Mothers also argue that even if the probate court's appointment of Daughter isn't set aside, they should still be allowed to pursue the wrongful-death action. This is a question of law, so our review is de novo. *Bruder v. Seneca Mortg. Servs., LLC*, 188 N.E.3d 469, 471 (Ind. 2022).

[10] In Indiana, the only proper plaintiff in a wrongful-death action is the personal representative of the decedent's estate. I.C. § 34-23-1-1; *Robertson v. Gene B. Glick Co.*, 960 N.E.2d 179 (Ind. Ct. App. 2011), *trans. denied*. Indiana Code section 29-1-10-18 provides that when the decedent was not a resident of Indiana, an Indiana probate court may appoint a personal representative ("administrator") solely to bring a wrongful-death action: "Any court having probate jurisdiction in the state of Indiana may appoint an administrator for the estate of a nonresident for the sole purpose of bringing an action to recover damages for the wrongful death of such nonresident." The Marion County probate court cited this statute in rejecting Mothers' challenges to the appointment of Daughter. *See* Appellants' App. Vol. II p. 28.

[11] Even so, Mothers argue that they are proper plaintiffs in a wrongful-death action because one of them, Alexander, was appointed as administrator of Decedent's estate in Georgia. They cite *Blusy v. Rugh*, 476 N.E.2d 874 (Ind. Ct. App. 1985), *reh'g denied*, *trans. denied*. In *Blusy*, an Ohio resident died while

working in Indiana. An Ohio court appointed a "fiduciary" for the decedent's estate, and the fiduciary brought a wrongful-death action in Indiana. *Id.* at 875. The defendants argued that "a foreign personal representative, i.e. one appointed in another state, but not in Indiana, lacks the capacity to bring a wrongful death action" in Indiana. *Id.* Specifically, they asserted that the foreign personal representative had to be separately appointed in Indiana under Section 29-1-10-18 before bringing a wrongful-death action. We held that the words "may appoint" in Section 29-1-10-18 mean the statute is permissive, not mandatory, and therefore "a foreign personal representative may bring a wrongful death action in Indiana within two years of the deceased's death without the necessity of appointment as personal representative in Indiana." *Id.* at 877.

[12] The only issue presented in *Blusy*, and the only issue we decided, was whether a foreign personal representative needs to be separately appointed under Section 29-1-10-18 before filing a wrongful-death action in Indiana. Our answer was no. This case presents a different issue: whether a foreign personal representative can file such an action when an Indiana probate court has already appointed a different personal representative for that exact purpose under Section 29-1-10-18. Again, our answer is no. A holding to the contrary would invite the sort of confusion and chaos we saw here, with wrongful-death defendants forced to respond to duplicative suits and two judges left wondering who's in charge. Therefore, if a foreign personal representative wants to prosecute a wrongful-death action, but, before they file, an Indiana probate court appoints a different

personal representative under Section 29-1-10-18, the foreign personal representative's remedy is to ask the probate court to set aside the appointment and, if unsuccessful, to appeal. They can't simply ignore the appointment and plow ahead with a wrongful-death action.

[13] Here, Mothers opposed Daughter's petition to be appointed personal representative and later sought to have the appointment set aside. The Marion County probate court rejected both efforts. Mothers then tried to appeal, but their notice was late, and we dismissed the appeal. As a result, Daughter's appointment as personal representative remains intact, so the trial court properly dismissed Mothers' wrongful-death action. Going forward, if Mothers have evidence that Daughter isn't diligently, competently, and honestly prosecuting her wrongful-death action, they can ask the probate court to revisit her appointment.

[14] Affirmed.

Altice, C.J., and Scheele, J., concur.

ATTORNEY FOR APPELLANTS

Nathaniel Lee
Lee Cossell Feagley, LLP
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE TERIKA JACKSON, PERSONAL REPRESENTATIVE IN THE MATTER OF THE WRONGFUL DEATH ESTATE OF TERRENCE SIMMONS, DECEASED

Sarah Graziano
Hensley Legal Group, PC
Fishers, Indiana